# Hall *against* Hamlin et al.

In an action of ejectment, a judgment of another court, on which the defend-
ant's title is founded, may be impeached on the ground of fraud.

ERROR to *Mifflin* county.

Ejectment by Joseph Hall against George Hamlin and David
Zook. The defendant, to support the issue on his part, gave in
evidence a judgment against Henry Zook, under whom both par-
ties claimed title, in the common pleas of Chester county, in which
he was the plaintiff, and upon which the land was sold by the sheriff
to him. The plaintiff offered to prove that this judgment was fraud-
ulent; and asked the court to instruct the jury, that if they believed
it was, the plaintiff was entitled to recover. But the court was of
opinion, and so instructed the jury, that the validity of a judgment
of another court, of competent jurisdiction, could not thus be col-
laterally inquired into. Verdict for defendant.

*A. S. Wilson*, for plaintiff in error. The judgment on which the
defendant founded his title was a link in his chain, as much as an
intermediate deed would have been; and if it was fraudulent, it
would be as susceptible of attack on that ground, as a deed. 1
*Wheat.* 6; 5 *Binn.* 184; 4 *Wheat.* 215; *Peake's Ev.* 227, 417; 1 *Munf.*
445; 1 *Stark.* 181, 184; Riddle v. Murphy, 7 *Serg. & Rawle* 230;
Borden v. Fitch, 15 *Johns. Rep.* 137; Howland v. Ralph, 3 *Johns.*
*Rep.* 21; Ulrick v. Voneida, 1 *Penns. Rep.* 250; 12 *Serg. & Rawle*
459; *Gilb. Ev.* 32.

*Potter*, contra, cited, Lilly v. Pashcal, 2 *Serg. & Rawle* 394; Caro-
thers v. Dunning, 3 *Serg. & Rawle* 379; Allison v. Rankin, 7 *Serg.*
*& Rawle* 269; Heller v. Jones, 4 *Binn.* 67; Nall v. Hollenbeck, 1
*Serg. & Rawle* 548; M'Kinney v. Crawford, 8 *Serg. & Rawle* 353.

PER CURIAM.—It is not to be doubted that a judgment may be
collaterally impeached for fraud; and the principle seems to have
been admitted in the abstract. But the nature of the circumstance
relied upon to establish the imputed fraud seems to have been mis-
apprehended. A father had conveyed his land to his son-in-law,
on certain trusts, for his daughters. To show that the father was

indebted at the time, and that the settlement was consequently fraudulent, one of his sons produced a judgment, confessed by his own mother as executrix of his father, on a bond to himself for 830 dollars; on which the land was taken in execution and purchased by the son.  To rebut the effect of this, the trustee for the daughters produced a judgment in favour of the father for 7500 dollars, of which a part was to be applied to the payment of certain debts ; and showed that the executrix, at the time she confessed the judgment to the son, acknowledged satisfaction of the judgment to the father. Now this may, in fact, have been perfectly fair, as she may have known the one to be an existing debt, and the other to be paid or not demandable.  But it is certain that if, at the date of the conveyance, the father's debt to the son were at least counterbalanced by an actual debt from the son to the father, the latter could not, for that cause only, be said to be indebted within the 13 *Eliz.;* and that if the executrix committed a double *devastavit,* to favour one of her children, by confessing judgment on a bond to which there was an available defence, and at the same time acknowledging satisfaction on a judgment without having received what was due on it, she was justly obnoxious to the charge of fraud.  But the judge was of opinion that the consideration of the judgment could be inquired into only by the court in which it was confessed ; and this was clearly an error, as want of consideration would be powerful evidence of collusion.  But putting intentional fraud out of the question, the jury ought still to take the circumstances into consideration, in order to ascertain whether the father was, in fact, free from debt at the date of the conveyance, notwithstanding the subsequent acts of his executrix.  Her competency as a witness, however, does not seem to be affected by interest, or her relation to the parties; for she can claim nothing on the land, whether it be recovered, or remain in the hands of the defendants.

Judgment reversed, and a *venire de novo* awarded.