## DECEMBER TERM, 1843.

### JOHN FLETCHER *v*. RACHAEL RAPP.

R. obtained a judgment against F. in Louisiana, by default, and sold a tract of land to F. in discharge of the judgment, and gave a receipt accordingly. Subsequently, R. fraudulently procured the judgment by default in Louisiana to be rendered final; and thereupon brought a record thereof to Mississippi, and sued F., who permitted judgment to go by default, and filed his bill in this Court, alleging as his reason for not defending at law, that the final judgment in Louisiana was *junior* to the date of the receipt; *held*, that the defence of F. was purely legal, and that the reason given for not making the defence at law was insufficient.

Where the plaintiff in a judgment, rendered in a sister State, comes here to enforce it, it is entirely competent for the defendant to show, that the judgment was obtained by fraud.

Fraud vitiates judicial acts, and renders them utterly void.

CHANCELLOR.  THIS case was submitted on motion to dissolve the injunction for want of equity on the face of the bill.

The complainant states, that, being indebted to Rachael Rapp in the sum of $400, she brought suit against him, and recovered judgment by *default*, in the District Court of New Orleans : that he afterwards sold to said Rachael a tract of land, in payment of said judgment, and took her receipt in full against the same : that, long subsequent to this, the defendant fraudulently procured the judgment by default in New Orleans to be confirmed and rendered final ; and thereupon brought a record thereof to this State, and sued on the same in the Adams Circuit Court.   It appears that to this latter suit, the complainant pleaded *nul tiel* record payment, and that the judgment in Louisiana was procured by *fraud ;* all of which, at a subsequent term, were withdrawn, and judgment by *nil dicit* suffered to pass against him ; to enjoin which this bill is brought.   The bill states, as a reason why no defence was made in the latter suit, that inasmuch as the receipt of the complainant bore date anterior to the confirmation of the judgment in Louisiana, he was advised that it would not be admissible evidence of payment.   From anything that occurs to my mind, I am not able to perceive any reason for that conclusion.   It is presumed that the receipt pointed directly to the

Fletcher *v.* Rapp.

debt upon which the judgment by default had been obtained ; and reference to the date of the subsequent confirmation of that judgment would have explained the difficulty as to the date of the receipt, and have shown that such confirmation was taken in fraud of the complainant's rights. Thus it appears to me that the complainant's defence was purely legal, and free from any difficulty or embarrassment. I cannot doubt that where the plaintiff, in a judgment rendered in a sister State, comes here to enforce it, that it is entirely competent for the defendant to show that such judgment was obtained by fraud. Fraud vitiates the most solemn proceedings, and makes them utterly void. Lord Coke says, it vitiates all judicial acts, whether ecclesiastical or temporal. *Fermor's* case, 4 Coke's Rep. 78 b. See also the case of *Borden* v. *Fitch* (15 John. R. 121), and *Andrews* v. *Montgomery* (19 John. R. 164), to the same effect. A judgment obtained by fraud would not be enforced by the court where it was rendered, and doubtless any plea which would avoid the judgment there, would avoid it here.

But this is not the only mode in which the complainant might have been relieved. I cannot doubt that if he had applied to the court in Louisiana, showing that after the judgment was taken by default, and before it was rendered final, he had fully paid and satisfied it, that court would have vacated the final judgment, and directed satisfaction to be entered. From any view which I have been able to take of the statements of the bill, I find nothing in it which will authorize me to disturb the judgment at law. I shall accordingly direct the injunction to stand dissolved.