No. 62.—James B. Williams, administrator, &c. of Washington Williams, claimant and plaintiff in error, *vs.* John Martin, plaintiff in *fi. fa.* and defendant in error.

| | 7 | 377 |
|---|---|---|
| | 112 | 852 |
| | 7 | 377 |
| | 128 | 13 |

[1.] Upon the trial of a claim case, where the claimant claims through a judgment of foreclosure of mortgage, made by the defendant in execution to his vendor, the plaintiff in execution may impeach that judgment and mortgage, and prove it fraudulent on the trial.

Levy and claim, in Houston Superior Court. Motion for a new trial. Decided by Judge Floyd, May Term, 1849.

A *fi. fa.* in favor of John Martin, against Thomas and J. Williams, was levied on a tract of land as the property of Thomas Williams, which was claimed by the defendant in error.

The evidence before the Jury on the trial, showed that the land had been previously levied on by a large mortgage *fi. fa.* in favor of Shepherd Williams, senior, against Thomas Williams, and bought by Shepherd Williams, who was the father of Thomas and Washington. No money was paid, but the amount of the sale credited on the mortgage *fi. fa.* Thomas Williams continued in possession, from the sale, 1841, until this levy, 1849, by himself, or persons to whom he rented the premises. Neither Shepherd Williams, junior, Washington Williams, in his lifetime, or the claimant, had ever been in Houston County, since the sale.

There was in evidence deeds from the Sheriff to Shepherd Williams, senior, and from him to Washingtan Williams, dated in 1842. Also, a receipt from Thomas Williams to Washington Williams, as agent of Shepherd Williams, senior, dated January, 1841, acknowledging the land to be the property of Shepherd Williams, senior.

It was proven that there were suits pending against Thomas Williams, at the date of the mortgage, and also at the date of the foreclosure.

There was a verdict against the claimant, who, by his counsel, moved for a new trial—

"1st. Because the verdict is contrary to evidence and law.

2d. Because the Court erred in admitting testimony, as to the relationship of Shepherd, Washington and Thomas Williams and

claimant; and as to the pendency of various suits at and prior to the date of the mortgage to Shepherd Williams, and before the same was foreclosed, as badges of fraud, without requiring the plaintiff in *fi. fa.* to lay the foundation for the introduction of such testimony, by showing that the mortgage was without consideration.

3d. Because the Court erred in admitting evidence to show the possession of Thomas Williams, after the sale from Shepherd Williams to Washington Williams, in 1842, as a badge of fraud, because Washington Williams being a third party, the presumption of law arising from the possession of the defendant, does not apply to him.

4th. Because the Court erred in charging the Jury, that ' after all, it depended upon this : that if they believed the transaction was fair, they ought to find for the claimant; if not, for the plaintiff in *fi. fa.*' because it was not competent for the Jury to go behind the decree of foreclosure, to inquire into the *bona fides* of the transaction ; and the Court should have charged, that the only question was, whether the possession of Thomas Williams, after the sale, was satisfactorily explained."

The Court overruled the motion on all the grounds taken, and claimant excepted.

R. K. HINES, for plaintiff in error.

S. T. BAILEY, represented by COBB and KILLEN, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

There is really but one question made in this record, and that is this : *Was it right in the Circuit Judge, to permit the judgment on the foreclosure, under which the claimant claimed to be impeached?* If it was, then it was proper to permit the relationship of the Williams' ; the pendency of suits against Thomas Williams, at the date of the mortgage and foreclosure ; and the possession of the land, after sale, by Thomas Williams, to be proven. The facts all go to show fraud. The pendency of the suits, and the possession of the defendant in execution, after sale, unexplained, are badges of fraud. Relationship is not *per se*, but is a circum-

stance proper to be submitted to the Jury, in connection with other things, to show fraud.

It was insisted in the argument, that the retention of the possession and other indicia of fraud, if competent to be proven, as against the first purchaser, yet were not competent to be proven, as against the claimant in this case, inasmuch as he is the grantee of the purchaser.   If he bought *bona fide* and for value, and without any notice of the fraud, this position would be sound ; but in this case, it is sought to connect him with and to make him partaker of the original fraud.   If these things are done, he is no more protected than would be his vendor.   Nor was it necessary to prove a want of consideration for the mortgage, as a foundation to let in other evidence of fraud.   The want of consideration is not the only evidence of fraud in a sale, to delay and defeat creditors, under the Statute of *Elizabeth.*   Indeed, a consideration may be paid by the purchaser, and yet the sale be fraudulent.   When a case, involving the same facts between these parties, was before us at Macon, in February last, this Court held, that it was not incumbent, (as the presiding Judge ruled,) upon the mortgagee and the claimant under him, to show that he had paid a consideration ; but on the contrary, that the mortgage and the judgment of foreclosure thereon, were *prima facie* evidence of a consideration, and it behooved the plaintiff in execution, to show a want of consideration.   This decision may have suggested the idea, that proof of the absence of a consideration, was necessary, as a foundation, for any other evidence tending to show it (the mortgage) fraudulent.   Not so, however, is our decision to be construed.   The question then made, was upon whom lay the burden of proof, so far as the consideration was concerned ?   And when this Court ruled that it lay upon the plaintiff in *fi. fa.* we did not intend to say that no evidence of fraud could be adduced by him, until he had proven that no consideration was paid by the mortgagee.   If it was competent for the Court below to allow the judgment and the mortgage to be attacked at all on this issue, then, the evidence was all properly admitted, to-wit : evidence of relationship, of pending suits, and of possession retained by the defendant in execution.   Whether the possession was explained, and whether the proofs established a fraud and connected the claimant's intestate with that fraud, were all questions properly submitted by the Court to the Jury.   So,

as I before stated, the only question here is, was it competent, upon the issues made, to impeach the judgment of foreclosure, under which the claimants set up title?

It is insisted by the plaintiff in error, that the judgment cannot, in this way, be collaterally impeached. Our Claim Laws are peculiar to our State. Very few of the States have any proceedings like our claims, only Alabama, so far as I now remember. They are in the nature of equitable proceedings. The plaintiff in execution asserts, by his levy, the liability of the property to pay his judgment. The claimant alleges title, and the issue is, is the title of the claimant good against the judgment? He claims under a mortgage from the defendant in execution, a judgment of foreclosure thereon, and a purchase at Sheriff's sale, by his vendor, who was also the mortgagee. A link in the chain of the claimant's title, is the mortgage and judgment. Now, is it proper, in a claim case, for the creditor (the plaintiff in execution) to defeat the title of the claimant, by attacking the judgment and the mortgage for fraud? In the issue made they come in collision with his rights as creditor. He asserts their invalidity under the Statute of *Elizabeth.* The judgment of foreclosure was had before a Court of competent jurisdiction—there is no objection to it on that score.

Parties and privies are estopped by a judgment. This is a true general proposition. In some proceedings *in rem*, where judgments of condemnation of forfeited property are rendered, or where judgments of seizure are rendered, as in the *Exchequer* or *Admiralty*, and also in decisions in other Courts, directly upon the personal *status* of the party, such as marriage, divorce, bastardy, settlement and the like, the rule is enlarged. These decisions are binding and conclusive, not only upon the parties litigating in the cause, but upon all others; because, in most cases of this kind, every one who can be affected by the judgment, has a right to appear and assert his own interests by becoming a party to the proceedings; and because, too, of public policy and convenience, which require that questions of this kind should not be left doubtful, but that the domestic and social relations of every member of the community, be clearly defined and settled. 1 *Greenleaf's Evid.* §§523, 525. 4 *Peters' R.* 85, 86. 14 *Johns. R.* 81. 1 *Starkie's Evid.* 27, 28.

Now, the rule I take to be this, so far as parties and privies are

concerned : A judgment of a Court of competent jurisdiction cannot be impeached in another Court, collaterally, in an action between the same parties, and upon a point once put directly in issue and decided. Nor will a Court of Chancery examine into the intrinsic merits of a judgment at Law, without the aid of new and distinct matter, showing fraud in procuring it, or that it is used or retained against conscience. It will not set aside a judgment at Law for *irregularity—that* belongs to the Courts of Law. In other Courts it stands as conclusive between the parties, until, by a case made, it is impeached for fraud or other sufficient cause. 3 *Johns. Ch. R.* 275. 4 *Ib.* 85. 7 *Ib.* 182. 2 *Dow's R.* 526. 1 *Phillips' Evid.* 346.

But it is not so with strangers. They are not concluded by a judgment; and, for the best of all reasons, they are not parties to it. No man shall be condemned unheard, or prejudiced in his rights, without his day in Court. A contrary rule would be subversive of natural equity and revolting to reason. Hence, I apprehend it is well settled, that when a judgment in an issue formed, comes in conflict with the rights or interests of third persons, they may aver against it—may impeach it for fraud and prove the fraud. This doctrine was settled as early as Fermor's case, in the time of Lord *Coke.* It was in that case resolved, that a fine levied by fraud was not binding, and that such fraudulent estate was no estate in law; and it was farther declared, that all acts and deeds, as well judicial as extrajudicial, if mixed with fraud, are void. By reference to the case it will be seen that these resolutions do not apply to parties, but to strangers. 3 *Coke,* 77. *Hammock, Ex'r, vs. W. & J. McBride,* 6 *Ga. R.* 178. The authority of this case has been fully recognized, both in England and America. In some form or other, fraud will annul all judgments and all private contracts. Thus, Mr. *Story* declares, "I know of no case where fraud, if established by competent proofs, is not sufficient to overthrow any judgment or decree, however solemn may be its form and promulgation." *Bradstree et al. vs. Neptune Ins. Co.* 3 *Sumner,* 604. The mode of attack only is different. Strangers may set aside a judgment by proof, whenever it comes in conflict with their just legal rights, for fraud; and the inquiry goes beyond the judgment and reaches the contract upon which it is founded. 4 *Iredell's Law R.* 533.

The plaintiff in execution in this case is a stranger to the judg-

ment of foreclosure—he is not concluded by it.   The claimant introduced it as a link in the chain of his title.   It is in antagonism with his rights as creditor.   He may resist it, and prove it and the mortgage upon which it is founded, fraudulent upon the trial.   1 *Phil. Evid.* 346.   3 *McCord's R.* 142.   1 *Hill's S. C. R.* 262.   15 *Johns. R.* 145.   1 *Brevard,* 216.   3 *Watts & Serg.* 127.   4 *Ib.* 191.   3 *Metcalf's R.* 135.   3 *Coke,* 77.   12 *Verm.* 619.   *Ib.* 165.   *Duchess of Kingston's Case,* 11 *St. Tr.* 261.   3 *Doug.* 313, *note.*   2 *Watts,* 180 *to* 183.   12 *Pick.* 388 *to* 394.   2 *Watts,* 354.   5 *Ham.* 547, '8.   11 *Mass.* 266.

Let the judgment of the Court below be affirmed.