Tebbetts *v.* Tilton.

## TEBBETTS *v.* TILTON.

The presentment of a copy of a note is a sufficient presentment of the claim against an estate to the administrator, if no objection is made.

If a husband take a deed in the name of his wife there is a resulting trust in his favor, in proportion to the share of the purchase money paid by him.

A replication of fraud to a plea of a discharge, decreed by the *court of probate,* to an administrator, is good, and if it is proved that a part of the estate was kept back, and not expended in the allowance to the widow and the expenses of administration, the plea will be supported and the discharge held void.

The validity of a decree of a court of probate may be impeached by proof that the court had no jurisdiction, unless, perhaps, in cases where the facts necessary to give jurisdiction, were the subject of an express decision of the court.

ASSUMPSIT, upon two notes, signed by R. Tilton, deceased, dated, one, December 8, 1840, for $15,00, the other, October 28, 1842, for $12,50, and payable to said Tebbetts, the plaintiff. The pleas were,

I. That said R. Tilton never promised; upon which issue was joined.

II. That the claims were not exhibited to the defendant, the administratrix, within two years after the original grant of administration, February 17, 1846. Replication, that

they were thus exhibited, to wit, on the first day of March, 1847 ; upon which issue was joined.

III. *Plene administravit,* which was traversed by the plaintiff, and issue joined.

IV. A decree of the judge of probate, on the 10th day of June, 1846, discharging the defendant from all claims of creditors against the estate ; replication, that said decree was obtained by fraud and covin, upon which issue was joined ; also a replication that there is no such record.

Upon the first issue the plaintiff introduced the notes declared on.

Upon the second issue, the plaintiff introduced the deposition of G. P. Tebbetts, in which he testified that in the year 1846, and within one year after the decease of R. Tilton, he presented to the defendant a copy of the notes in question, and she replied that she had no property as administratrix ; and that the land and buildings were her own, purchased with money she earned before her marriage. The defendant's counsel objected that it would not be competent for the jury to find from this evidence that the claims were duly exhibited ; but the court overruled the objection.

Upon the fourth issue, the plaintiff alleged a fraudulent omission to include in the inventory, and in the account of administration, certain property, both real and personal, claimed by a son of said R. Tilton, and certain real estate, claimed by the defendant, in her private capacity, but all which, the plaintiff contended, creditors had a right to have regarded as the property of R. Tilton. It appeared that in 1825, one Shannon conveyed a tract of land to said Hannah Tilton, who was then the wife of R. Tilton. The evidence was conflicting, whether the consideration was paid by said R. or by said Hannah, and there was evidence tending to prove that a part was paid by one and a part by the other. R. Tilton was at that time considerably in debt, though to what extent did not precisely appear.

In 1824, a shop was moved on to this land under the di-

rection of R. Tilton, and fitted up so as to be occupied by him as a dwelling house. There was evidence that some portion of the expense attending the purchase, removal and fitting up might have been incurred by the person who then owned the land, but none of it by Mrs. Tilton. Soon after the date of the deed, R. Tilton finished the house, and within a few years made considerable additions to it, dug wells, and made stone wall upon the premises, and continued in possession till his death, and frequently called them his, and spoke of selling them. The deed was not recorded until October, 1844; and the fact that Mrs. Tilton had a deed was not generally known in the neighborhood till that year.

The court instructed the jury, (among other things,) that if the consideration of the deed was paid by R. Tilton, in whole or in part, the land was his in whole or in part, according to this proportion of the purchase money.

A verdict was found for the plaintiff upon all the issues submitted to the jury; and the defendant now moves to set the same aside because of said rulings and instructions, and because the issue in respect of fraud is immaterial and irrelevant in this cause.

*Perley*, with *Emerson*, for the defendant.

I. The judge of probate has jurisdiction to make the decree pleaded. The creditors and all other persons interested were parties to the decree, and had the right to appeal. The decree was the judgment of a court of record, and has the same binding and conclusive effect with other judgments. That court has exclusive jurisdiction over the settlement of the estates of persons deceased, and other courts cannot collaterally inquire whether a settlement made in that court was correct.

The substance of the replication is that the defendant did not render a true account of the estate, and that this decree is incorrect, and the matter tried in the common pleas is exactly the question which the court of probate would have

tried if this plaintiff had appeared there, and objected to the account and the decree.

II. The replication is bad after verdict, because it did not state any such active fraud as would avoid a decree or judgment.

III. The evidence reported was not competent to prove any such active fraud. It was a mere question of property, depending on a question of constructive fraud. The evidence did not tend to show any endeavor to obtain the decree.

IV. Under the instructions of the court, the simple question submitted to the jury was, whether the land was in whole or in part paid for by the money of the deceased. No question was raised of actual fraud.

V. The fraud required to avoid a judgment must be an actual fraudulent contrivance and deceit to obtain the judgment. *Fernor's Case,* 3 Co. 77; *Collins' Case,* Cro. Ja. 256; *State* v. *Little,* 1 N. H. Rep. 259.

Where a person seeks to avoid a judgment or sentence, he cannot allege fraud in a collateral suit, but ought to appeal to the court or tribunal that has pronounced it. *Doe* v. *Haddon,* 3 Doug. 313, note; *Bradburn* v. *Phillips,* cited in 2 Ev. Poth. 311.

" L. C. J. *Willes,* after much debate, took a · distinction between the case of a stranger, who cannot come in and reverse the judgment, and therefore must of necessity be permitted to aver that it is fraudulent, and the case of one who is party to the proceedings; that a party cannot give evidence that the judgment was fraudulent, but must apply to the court who pronounced the judgment to vacate it."

A decree of the court of probate is conclusive on the parties. *Sheldon* v. *Bush,* 1 Day 170; *J. P.* v. *Robbins,* 5 N. H. Rep. 246; *Littlefield* v. *Cudworth,* 15 Pick. 30; *Goodrich* v. *Thompson,* 4 Day 215; *Rix* v. *Smith,* 8 Vt. Rep. 360; *M'Farland* v. *Stone,* 17 Vt. Rep. 165; *Tompkins* v. *Tompkins,* 1 Story 547; *Painter* v. *Henderson,* 7 Barr 48;

*Pierse* v. *Irish*, 31 Maine Rep. 254; *Bryant* v. *Allen*, 6 N. H. Rep. 116.

Claims against an administrator for money and property of the estate, which have come into his hands during his administration, are exclusively within the jurisdiction of the probate court. *Adams* v. *Adams*, 22 Vt. Rep. 50.

Where a question of fraud arises in the court of probate, as incidental to any subject of which the court has jurisdiction, the judge must take cognizance of it, and try it in the same manner as any other question of fact. *Wade* v. *Lobdell*, 4 Cush. 510.

This court, as a court of chancery, has no jurisdiction, where the ground of application is the alleged fraud or improper conduct of an executor, in the execution of his trust as such, in reference to a matter properly embraced in and settled by his account as executor in the probate court, though such account was settled without notice to the parties interested. *Sever* v. *Russell*, 4 Cush. 513; *Jennison* v. *Hapgood*, 7 Pick. 1.

If an executor pleads a prior judgment for another debt, and no assets *ultra*, the plaintiff may reply that the judgment was recovered by fraud and covin. The judgment in such cases is *inter alios*, and the plaintiff could not object. *Trethewy* v. *Ackland*, 2 Saund. 48; 2 Chitt. 110.

Where an administratrix has neglected to inventory estate, the remedy of a creditor is by calling her to account before the judge of probate. *Gookin* v. *Hoit*, 3 N. H. Rep. 392; *Judge* v. *Briggs*, 5 N. H. Rep. 66.

If when the account of an administrator is adjudged in the probate court, those who are interested in the estate think that anything which ought to be credited to the estate is omitted, then is the time to determine the validity of the claim. 8 N. H. Rep. 70.

Under the term parties, in this connexion, the law includes all who are directly interested in the subject matter, and.

have a right to make defence, or to attend and to appeal from the judgment. 1 Greenl. Ev. § 523, p. 570.

The decrees and sentences of an ecclesiastical court, or court of probate, have the same binding effect as judgments at common law. 1 Greenl. Ev. § 550, p. 616; *Poplin* v. *Hawke*, 8 N. H. Rep. 124.

The orders and decrees of the court of probate are as conclusive as those of any other court. *Lawrence* v. *Englesby*, 24 Vt. Rep. 42; *Farrar* v. *Olmstead*, 24 Vt. Rep. 123; *Steen* v. *Bennett*, 24 Vt. Rep. 363.

*J. Bell*, for the plaintiff.

I. There was a sufficient exhibition of the plaintiff's claim. *Mathes* v. *Jackson*, 7 N. H. Rep. 259.

II. The defendant's intestate had an interest in the real estate, which his creditors have a right to have applied as assets to the payment of their debts. The evidence, as stated, shows the land to have been R. Tilton's, as it does not appear, if any payment was made by his wife, that it was made from her separate estate. At all events, there was a resulting trust to R. Tilton, to the extent of the consideration paid by him. *Scoby* v. *Blanchard*, 3 N. H. Rep. 170; *Pritchard* v. *Brown*, 4 N. H. Rep. 397; *Marshall* v. *Peirce*, 12 N. H. Rep. 127.

The investment by R. Tilton of his property in this manner, and of which the defendant now attempts to take advantage, is a fraud, on the part of both, upon creditors; and they have a right to claim that it shall be applied to the payment of their debts. *Coffin* v. *Morrill*, 2 Foster's Rep. 352; *Norton* v. *Norton*, 5 Cush. 534; *Manhattan Co.* v. *Osgood*, 15 Johns. 162.

III. It was competent for the plaintiff to show that the decree of the probate court was vitiated by fraud in obtaining it, and such fraud would render it absolutely void. See opinion of court in this case when formerly before them. 4 Foster's Rep. 120.

Tebbetts *v.* Tilton.

Erroneous judgments are valid until reversed, but it is otherwise with void judgments, which are regarded as nullities, when called in question in any proceeding. *Russell* v. *Perry,* 14 N. H. Rep. 152 ; *M'Conihe* v. *East,* 8 S. & M. 505, (7 Dig. 142 ;) *Campbell* v. *Brown,* 7 How. (Miss.) 230, (5 Dig. 230.)

Judgments and decrees obtained by fraud are held to be void as to all parties, and as the defect in such cases does not appear upon the record, there can be no reversal by writ of error. *Fermor's Case,* 3 Co. 77 ; *Bright* v. *Eynon,* 1 Barr. 395 ; *Commonwealth* v. *Breed,* 4 Pick. 46 ; *Rodgers* v. *Brant,* 5 Gilm. 573, (10 Dig. 236.)

It is clear, upon authority, that such judgments and decrees may be impeached collaterally for fraud, by one not a party to them. And the plaintiff in this case having had no notice, constructively or otherwise, and not having appeared, is not to be regarded as a party to this proceeding. *Atkins* v. *Allen,* 12 Vt. Rep. 619, (5 Dig. 231 ;) *Bogart* v. *Van Velden,* 4 Edw. Ch. 718 ; *Parkhurst* v. *Sumner,* 23 Vt. Rep. 538.

It is true that in the case of parties to the record, in jurisdictions where there are courts of equity, it has been held that on account of the more complete and convenient remedy, there should be proceedings in equity to prevent a party from enforcing such judgment. This rule has not, however, it is believed, been generally recognized ; and it cannot be applied where there is no equitable jurisdiction, or such jurisdiction has been recently introduced ; which would not supercede the common law remedies before existing. Orders and decrees of probate courts have in many cases been held void on the ground of fraud in obtaining them. *Still* v. *Glass,* 1 Kelly 475, (7 Dig. 142;) *Blount* v. *Darrah,* 4 Wash. C. C. Rep. 475 ; *Prest, &c.* v. *Groff,* 1 Kelly 181 ; *M'Pherson* v. *Cunliff,* 1 S. & R. 431, (1 Dig. 634 ;) *Rhodes* v. *Selin,* 4 Wash. C. C. R. 716.

IV. The plaintiff is entitled to judgment upon the plea

of *nul tiel* record to the fourth plea.  The decree stated in
that plea is void, no petition having been presented for such
a decree, and no notice having been given to the parties in-
terested, as is required by the statute, and  as was necessary
upon general principles.   See Comp. Stat. ch. 161, § 1 ;  ch.
164, § 1.   Courts of probate possess only limited jurisdic-
tion, to be exercised in a special manner, and when they de-
viate from the prescribed course of proceedings, their decrees
or orders are void.   *French* v. *Hoyt,* 6 N. H. Rep. 37 ; *H—*
v. *S—,* 4 N. H. Rep. 60 ; *Parker* v. *Gregg,* 3 Foster's Rep.
423 ; *Chase* v. *Hatheway,* 14 Mass. Rep. 222 ; *Givvin* v.
*M'Carroll,* 1 S. & M. 35, (4 Dig. 462 ;)  *Schrider* v. *M'Far-
land,* 4 Barb. S. C. 139, (10 Dig. 222;)  *Ford* v. *Walworth,*
15 Wend. 449 ; *Holyoke* v. *Haskins,* 5 Pick. 20 ; *Sumner* v.
*Parker,* 7 Mass. Rep. 83 ; *Corwin* v. *Merritt,* 3 Barb. S. C.
341, (9 Dig. 234 ;)  *Wales* v. *Willard,* 2 Mass. Rep. 120 ;
*Smith* v. *Rice,* 11 Mass. Rep. 507 ; *Procter* v. *Newhall,* 17
Mass. Rep. 171.

And the jurisdiction of the court should appear upon the
face of the record.   *Daker* v. *Hudson,* 6 Cow. 221 ; *Sher-
man* v. *Ballou,* 8 Cow. 304 ; *Chase* v. *Hatheway,* 14 Mass.
Rep. 222 ; *Hendrick* v. *Cleaveland,* 2 Vt. Rep. 329, (1 Dig.
340 ;)  *Clapp* v. *Beardsley,* 1 Aiken 168.

The proceedings in actions at law do not bind parties who
have no notice.   *Oakley* v. *Aspinwall,* 4 Const. 514, (12
Dig. 380;)  *Darsy* v. *Ketcham,* 11 How. 165 ; *Webster* v.
*Reid,* 11 How. 282.

*Perley,* in reply.
The allowance to the widow  and the expense of admin-
istration consumed the whole estate.   Nothing was left.
The widow was the only one really interested.   She had
received all she was entitled to.   What occasion was there
for any other notice ?   The whole was absorbed.   Nothing
was to be divided.   The decree of discharge follows of
course upon the settlement of the account.   The court of

probate is a court of general jurisdiction, it is not necessary to allege notice, more than in the case of any other court. No notice is required by the statute or otherwise.

I am not called upon to say a court of equity cannot set aside a judgment for fraud; that they do, shows the party cannot take advantage of it incidentally. The court here did not attempt to exercise equity powers. In *Enfield* v. *Day*, it was held a deed could not be corrected in a court of law; this is one instance. They went no further than other courts of common law. I have not seen the case in Washington. No such rule, as stated in that case, is settled by cases generally. Courts of probate are made courts of record. Their jurisdiction is exclusive. Their proceedings would be wholly overthrown by the principle set up, and public confidence greatly impaired.

*J. Bell*, in reply.

The counsel treat the settlement and the discharge as if they were the same. They are distinct transactions. Successive accounts are very often settled by administrators, and notice that an account will be settled by no means imports that it is a final account, and to be closed by a final discharge. The idea is incredible that the legislature could have intended that the claims of the creditors were to be concluded without notice, or without an explicit and unequivocal notice. A petition and order of notice is required by the statute most distinctly. The settlement of an account is a familiar and long known proceeding; the discharge is novel and unusual.

In *French* v. *Hoit*, 6 N. H. Rep. 370, and in *Brown* v. *Sceggel*, 2 Foster's Rep. 548, it was held that without notice, the proceedings of the court of probate are void, as the court in that case has no jurisdiction.

*Perley.* In *Parker* v. *Gregg*, 3 Foster's Rep. 416, it was held that no notice was required, and there are other cases.

If nothing is found in her hands, there must be a decree for a quietus. And if estate has since come to her hands, she may be summoned to settle a new account.

BELL, J. The first point raised by the case is not insisted upon in the argument; and we think the manner in which the plaintiff's claim was presented to the administratrix was sufficient. The design of the statute, which requires that the claims against an estate should be presented to the administrator, was to bring them to his knowledge, so that he might be enabled to judge in what manner the estate should be settled. For this purpose it is not necessary that the evidence of the claims should be presented, though in some cases it might be both desirable and proper. The reasonable rule, we think, therefore, is, that a claim may be presented in any form which brings the nature and amount of it distinctly to the notice of the administrator, unless he objects, and asks that the evidence, if in writing, should be presented to him. No objection having been made in the present case to the copies of the notes presented, and no wish expressed that the original notes should be produced, the presentment was sufficient.

The instruction of the court, that if the consideration of the deed to the defendant was paid in whole or in part by the deceased, the land was his in whole or in part, according to his proportion of the purchase money, was excepted to; but we think this statement of the law entirely correct. It has been settled here by a series of decisions, that though a husband has a right to reduce the choses in action of his wife to his possession, and thus make them his property, yet this is merely a marital right, which he is not bound to exercise, and if he does not, the property remains the property of the wife. To give effect to this doctrine, it is held that the joining of the husband in such acts of the wife as are necessary for the investment, or transfer, or use of the property, and which cannot be done by the wife alone, and acts

done by the husband, merely and avowedly as servant of the wife, if such acts are done in good faith, will not operate either as a claim upon the property, or a reduction of it to the husband's possession. *Parsons* v. *Parsons*, 9 N. H. Rep. 321; *Marston* v. *Carter*, 12 N. H. Rep. 164; *Wheeler* v. *Moore*, 13 N. H. Rep. 481; *Coffin* v. *Morrill*, 2 Foster's Rep. 362.

Where an estate is purchased in the name of one person, and the consideration money is actually paid at the time by another, it has repeatedly been held that there is a resulting trust by implication of law in favor of him who paid the money. *Pembroke* v. *Allenstown*, 1 Foster's Rep. 107, and many cases there collected.

In the case last cited, it is also held that where such an estate is purchased in the name of the wife, and the consideration is paid by the husband, a trust results in favor of the husband, as it would if the conveyance were taken in the name of some other person, at least so far as creditors are concerned.

And in the same case, it is said that if only a part of the purchase is paid by the third party, there will be a resulting trust in his favor *pro tanto*; and that this doctrine applies to a joint as well as an individual purchase. 4 Kent. Com. 301; *Powell* v. *Manson*, 3 Mason 364; and *Wray* v. *Steele*, 2 V. & B. 389, are cited in support of this point, which seems to us a necessary consequence of the idea upon which all resulting trusts rest, that the trust arises in fact upon the mere ownership of the money.

In this case, the evidence tended to show that the consideration of the conveyance to the wife was paid in part by her and in part by her husband, and the instruction to the jury seems to us a concise statement of the principle deducible from these cases.

As to the point which is argued by the counsel as the principal question of the case, the fraud alleged in obtaining the decree in question, there are certain points discussed,

which we regard as settled, which we shall state, and lay aside, as not material to be further considered.

The decrees of courts of probate in this State, pronounced in cases within the proper limits of their jurisdiction, are conclusive in the same manner, and to the same extent, as the judgments of other courts of record. *Merrill* v. *Harris,* 7 Foster's Rep. 142.

The courts of probate have general jurisdiction of the subject of the settlement of the estates of persons deceased, and as incidental to that, have authority to try questions of fraud of every kind, incidentally arising in the cases there pending, as they have to try other questions of fact, and as any other court has to try such questions. *Wade* v. *Lobdell,* 4 Cush. 510.

The judgments of no court are conclusive upon strangers. Parties and privies are bound, all who have a mutual or successive relation to the same rights; privies in law, privies in blood, and privies in estate; all who have the right to adduce testimony, or cross-examine the witnesses introduced by the other side; all who have a right to defend the suit, or control the proceedings, or appeal from the judgment. All others are strangers. *Chamberlain* v. *Carlisle,* 6 Foster's Rep. 552. Cases of this character have no bearing upon the question to be decided in this case. If the plaintiff can be properly regarded as a stranger to the decree in question, the replication is clearly sufficient; but our present purpose is to look at the question upon the assumption that the plaintiff is to be regarded as a party.

The judgment of a court of competent jurisdiction directly upon the point, is conclusive between the same parties, upon the same matter, coming in question either directly or incidentally, in the same, or any other court. *King* v. *Chase,* 15 N. H. Rep. 1. Or, as the rule is well laid down in *Wilson* v. *Chamberlain,* 3 Comst. 331, that such a judgment cannot be impeached *upon its merits.*

But such a judgment is not evidence, nor conclusive, as

Tebbetts *v.* Tilton.

to any matter which came incidentally in question, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment. It is not conclusive, even, as to the matter in issue, unless the decision was upon the merits, for if the plaintiff discontinue his action, or become nonsuit, if the trial went off upon a defect of the declaration, or other technical defect, or because the action was prematurely commenced, or the plaintiff was temporarily disabled to sue, the judgment is not conclusive. *Warren* v. *Cochran,* 7 Foster's Rep. 339.

The general proposition may be laid down, that parties are not concluded by a judgment as to any matter not in issue in the cause ; but we may be misled by a rule so broadly expressed, because there are certain recognized exceptions which should be stated, that their bearing may be seen, and that it may appear that they have no application to this case.

Parties, and even strangers, to a certain extent, are bound from considerations of public policy, by the returns of public officers, relative to the service of process, made in the due course of their official duty. *Angier* v. *Ash,* 6 Foster's Rep. 99 ; *Bailey* v. *Kimball,* 6 Foster's Rep. 357.

Parties are estopped by their admissions upon the record, upon the ordinary principle that what a party has once solemnly admitted by deed, or record, he shall not be at liberty to deny. And this extends equally to implied admissions, as to those expressly made. The assertion of the adverse party in his pleadings, not denied, when there was opportunity to do so, is as conclusive as if expressly admitted ; and the party is as much bound by the admission implied by a waiver of an exception, as by an express release of it. *State* v. *Richmond,* 6 Foster's Rep. 247.

The records of courts, whenever they are incidentally brought in question, that is, in all cases where the object of the proceeding is not the correction of the record itself, are

taken to be true, and their truth cannot be controverted. Co. Litt. 260, a.

But it is to be borne in mind that the record may be true, while the matters recorded are false, and may even be shown to be so by the record itself. Thus the record may recite that a particular plea was filed; it is conclusive evidence of that fact, but the record furnishes no evidence that the facts stated in the plea are true, for they may even in the same record be found to be false by the verdict of a jury. The allegations of parties derive no credit from their forming part of the record of a court. So far as this point is concerned, the record imports the truth of what occurred in the court, and was there recorded.

Neither of these rules derives its authority from the principle that a *res judicata*, a matter which has passed into a judgment, a thing which has been once tried and decided by a competent court, shall not be re-examined and re-tried; and what we state in reference to the conclusiveness of judgments, is, of course, to be understood as subject to these exceptions, though they are not referred to. And others may exist, to which our attention is not now directed. Our idea, then, is, that in all cases where the record of a judgment is not conclusive, because the matter in controversy was not involved in the merits of the case decided, the party may contest or impeach the judgment itself, or any matter contained in it, provided he does not deny the truth of the record of what was done in court, nor deny the facts stated in any official return, nor dispute what he has in the record, expressly or impliedly admitted to be true.

In most cases the fact of fraud is one wholly extraneous to the record. It relates to matters not involved in the issue determined in the case, and it may be alleged without denying the truth of the record, or of any official return, or of any fact admitted, and in our view in every such case it forms a perfect answer to any claim or defence founded on a record.

Tebbetts *v.* Tilton.

Where the fact of fraud is involved in the issue, it has been here expressly decided that such fraud constitutes no ground for impeaching the judgment. *Demeritt* v. *Lyford*, 7 Foster's Rep. 541.

We are aware that the idea is suggested in some modern treatises, as well as in some modern cases, that fraud cannot be shown to impeach a judgment, by any party to the suit, or by any person who is privy to either of the parties. 2 Cow. & Hill's Notes to Ph. Ev. 78; *Peck* v. *Woodbridge*, 3 Day 30; *McRae* v. *Mattoon*, 13 Pick. 57, &c.

This is clearly true as to the party who desires to avoid a judgment, by showing that he was himself a party to the fraud. *Nemo allegans suam turpitudinem est audiendus.* As the merits of the case are not to be re-tried, fraud, which ought properly to have been tried in the original action, cannot be set up to impeach the judgment, even though it was unknown and undiscovered at the time of the trial. Such was the case in 13 Pick. 57, and the case of *Homer* v. *Fisk*, 1 Pick. 435, and others, in which the doctrine is broadly laid down as applicable to all fraud. But when it is extended so far as to apply to the sufferer as well as to the actor in the fraud, and as well to those frauds which relate to the incidental matters, in regard to which the judgment is not conclusive, as to those relating to the merits, we are unable to assent to it. And we are under the impression that there is abundance of authority to prove that fraud in a judgment may be shown by a party, or a privy, where it may be done without showing any participation in the fraud, and where it does not involve a re-examination of the merits of the case.

At the head of these may be cited the strong language of Judge *Story*, in *Bradstreet* v. *Neptune Ins. Co.*, 2 Law Rep. 262, S. C., 3 Sumner 600 : " I know of no case where fraud, if established by competent proofs, is not sufficient to overthrow any judgment or decree, however solemn may be its form and promulgation." See Story's Con. of Laws, §§

592, 603; 1 Greenl. Ev. 579, 584; 2 Phill. Ev. 58; *Borden* v. *Fitch*, 15 Johns. 146; *Hanover* v. *Borden*, 14 Mass. Rep. 247; *Harding* v. *Alden*, 9 Greenl. Rep. 1; *Holt* v. *Alloway*, 2 Black. 108; *Rhodes* v. *Selin*, 4 Wash. C. C. 715; *Andrews* v. *Montgomery*, 19 Johns. 164; *Beech* v. *Abbott*, 6 Vt. Rep. 592; *Rogers* v. *Coleman*, Hardin 418; *Huggins* v. *King*, 3 Barb. S. C. 616; *State* v. *Little*, 1 N. H. Rep. 257; and *Hamilton* v. *Williams*, 1 Tyler 15; *Commonwealth* v. *Jackson*, 1 Virginia Cases 501, cited as to S. P. in 2 Cow. & Hill's Notes 28; *Hall* v. *Hamlin*, 2 Watts 354, (2 U. S. Dig. 648;) *Wilson* v. *Mower*, 5 Mass. Rep. 407; *Webster* v. *Reid*, 11 Howard's S. C. 437; *Galatian* v. *Erwin*, Hop. 48; *Fletcher* v. *Rapp*, 1 S. & M. 374; *Whiting* v. *Taylor*, 8 Dana 403.

In the present case, the fraud alleged as avoiding the judgment, relates to the concealment of a portion of the estate of the deceased. This is a matter affecting the jurisdiction of the court. The decree in question was rendered not upon any common law jurisdiction of courts of probate, nor by virtue of any well-known and usual authority of this class of tribunals, but of a special and limited jurisdiction conferred by a recent statute. Laws of 1841, ch. 606, reënacted in the Rev. Stat. ch. 162, § 25. "If the estate of any person deceased, after deducting the allowance made to the widow, shall be expended in defraying the expenses of the last sickness and funeral of the deceased, and expenses of administration, the administrator, on settlement of his account, shall be wholly discharged by decree of the judge, from all claims of the creditors against such estate, without any other proceedings whatever."

The jurisdiction depends entirely upon the fact that all the estate is expended in the manner provided.

In relation to the question how far the facts which give jurisdiction to courts are the subject of inquiry, we have hitherto expressed opinions which still seem to us correct. In *Morse* v. *Presby*, 5 Foster's Rep. 302, it is said: "The

jurisdiction of courts of special and limited jurisdiction, both as to the subject-matters of the judgment and as to the persons to be affected by it, must appear by the record, and every thing will be presumed to be without the jurisdiction which does not appear to be within it. Any fact upon which the jurisdiction depends may be denied, unless, perhaps, in the case where the objection was taken in the court whose jurisdiction is questioned, and it has been made the subject of an express decision of the court. Any fact may be alleged or proved which goes to take away the jurisdiction, unless, perhaps, in cases where the exception is waived," &c., and many cases are cited in support of these views, which need not be again referred to.

In *State* v. *Richmond*, 6 Foster's Rep. 239, it is said: "Want of jurisdiction of the subject-matter renders the proceedings merely and absolutely void. This want of legal authority cannot be supplied. No act or assent of the parties can confer any jurisdiction, (see *Wright* v. *Cobleigh*, 1 Foster's Rep. 330,) and the exception cannot be waived. The jurisdiction may be limited in various ways, as to cases under special statutes, or to proceedings commenced by particular modes, as by petition," &c. "The principle" that "proceedings regularly commenced before a court of competent jurisdiction, are not to be impeached by plea or proof in any collateral proceedings," "does not extend to exclude any inquiry relative to the jurisdiction of a court." "Any fact upon which the jurisdiction depends may be denied, unless, perhaps, in the case" "of an express decision upon the point." "Any fact may be alleged or proved which goes to take away the jurisdiction," &c.

In the case of *Demeritt* v. *Lyford*, 7 Foster's Rep. 548, it is said: "Any fact may be alleged or proved, which goes to take away the jurisdiction, and if apparent jurisdiction has been conferred by fraud or collusion, the judgment may be impeached on that ground."

These principles apply directly to the case before us. It

was competent for the plaintiff to deny the fact on which this decree depends, that all the estate had been expended in the mode stated in the statute, and it was equally competent to allege that the judgment was obtained by fraud, the proof being that apparent jurisdiction was supposed to exist merely by the fraud of the administratrix.

Among cases of this class, we may refer to the cases where a party has removed into another State to obtain a divorce, (*Hanover* v. *Turner*, 14 Mass. Rep. 229,) or into another district to prosecute a suit in the circuit court.

This case is not within the exception referred to, where the objection to the jurisdiction has been expressly adjudicated by the court.

It is not alleged in the plea in question, nor is it suggested as the fact, that this decree was founded upon any petition setting forth that all the estate had been expended conformably to the statute, nor that there was any petition whatever, though all proceedings in the probate court are required to be commenced by petition. See 4 Foster's Rep. 121. Nor is it alleged or suggested that any controversy or question arose upon the point whether the whole estate was expended in the prescribed manner, or that the court made any adjudication whatever upon that point. It was not a point which necessarily arose in the case, since an account presented to the probate court is not of course an account of the whole estate; and the decree which allows it is not a settlement of the whole estate, since the administrator may voluntarily present, or he may be required to exhibit a further account, if any thing remains in his hands unaccounted for. When this case was before the court before, the jurisdiction of the court was not understood to be the point in controversy, and it was held that the decision of the probate court, upon a matter within its jurisdiction, is final like any other judgment.

In the case of *Hoitt* v. *Holcomb*, 3 Foster's Rep. 535, it was held that a general allegation of fraud was sufficient

upon the authority, among other cases, of *Winvish* v. *Tail-bois*, Plowd. Com. 38, and *Sherwood* v. *Jonson*, 1 Wend. 443, which were cases of fraud pleaded to a judgment. The issue, then, was upon a point material and relevant, because fatal to the defence, if the plea was either proved or admitted. The evidence tending to show a fraudulent concealment of part of the estate, was competent to sustain it. If the evidence, introduced under this plea, fell under either of the classes of cases where it conflicts with the point decided by the judgment, or contradicts a record or official return, or denies what a party is estopped to controvert, the exception should have been taken on that ground.

A further point is raised in the case, upon the replication of *nul tiel record* to this plea, upon the ground that there was no notice to any of the creditors, that a proceeding had been commenced for the purpose of discharging the administratrix, and, consequently, the estate, from all their claims.

There was the ancient and usual notice, that the account of the administratrix would be presented for settlement, which, heretofore, has not been understood to import a final settlement of the estate, unless it should prove, in fact, to be an actual settlement of the whole, and this, it must be contended, is now to be regarded as importing notice of a final settlement and a discharge of all claims against the estate. This question is not decided in this case. Incidentally, it will be seen that the judge of probate's decree of discharge must depend for its validity upon the fact that it can be shown as a matter of fact that all the estate has been expended in the modes prescribed by the statute. If any thing can be shown not to be so expended, the discharge will be void, while if a petition is presented to the court, alleging the necessary facts to give jurisdiction, and notice is given to all parties interested of the proceeding, and the court then proceeds to hear and decide upon the facts necessary to authorize the decree, all parties will be bound.

Neither of the exceptions being sustained, there must be

*Judgment on the verdict.*