DUDLEY HAMILTON, *qui tam*, *pro se* and the
Treasurer of Essex,

*against*

HIEL WILLIAMS.

ERROR. This writ was brought to reverse a *Vermont* Stat, judgment rendered on appeal by the County Court in a suit brought by the present plaintiff to recover the penalty for killing deer out of the statutable season, under the act to prevent the destruction of deer.

*Vermont* Stat, vol 2. p. 19. The record of a voluntary con fession before a Justice, and payment of the whole penalty, may be pleaded in bar to an action *qui tam.*

It appears, from inspection of the record, that the defendant *Williams* had, before the institution of the suit, complained of himself to Mr. Justice *Powell*, of *Westford*, who recorded his confession, and received the whole penalty for the use of the treasury of that town.

In the County Court the defendant pleaded the record and proceedings of the Justice's Court in bar. Upon demurrer to the plea in bar, the County Court rendered judgment in his favour. And now the error assigned is, that demurrer to the plea in bar was sufficient, and that the proceedings before the Justice do not amount to the plea of *autrefoits convict.*

*Sed per Curiam.* These voluntary confessions of breaches of the minor statutes in the criminal code are so generally considered by the people to be correct, that the Court are inclined to sanction them. It is true, that in breaches of the peace, in assault and battery for instance, the Court would hardly incline to screen an offender, who had committed per-

Hamilton
v.
Williams.

haps a violent battery, and by his own representation had induced the magistrate to impose a fine every way inadequate to the offence; but no such injustice can happen through the voluntary confession of a breach of a penal law, where the penalty is ascertained, and the offender cannot lessen it by misrepresentation.

Judgment of Court. There is no error. Let the judgment of the County Court be affirmed with additional costs.

## REGULA GENERALIS.

*ORDERED by the Court—-That when the plaintiff in any writ of error shall become nonsuited, or shall neglect to enter and prosecute his suit, and the defendant shall become by law entitled, by complaint, petition, or motion, to enter for costs or damages; the defendant, on filing such petition, complaint or motion, shall pay to the Clerk of the Court one dollar for Clerk's fees, which may be taxed and allowed in his bill of costs.*