THE STATE *vs.* AARON REED AND ANOTHER.

The defendants in a criminal prosecution having pleaded in bar a former conviction for the same offence before a justice of the peace, which the attorney for the state, in his replication alleged to have been fraudulently procured by the defendants as a means of escaping justice, and therefore void, the court charged the jury, that if the authorities who were concerned in such conviction got up the prosecution for the purpose of screening the defendants from merited punishment and to save them from the effect of a prosecution then pending against them in the superior court, the proceedings were a fraud on public justice and therefore void. Held,—that this instruction was erroneous in not requiring a complicity of the defendants in the fraud, and that, in the absence of the procurement of such conviction by the defendants, the state could not, against them, set up the fraud of the public authorities, who were its own agents.

The procurement of the prosecution by the defendants, would by our statute, render the conviction void. Whether it would have that effect at the common law : *qu.*

For the purpose of proving that the conviction before the justice was fraudu-

lently procured by the defendants for the purpose above stated, the attorney for the state offered in evidence the record of a prosecution before the same justice, on the same day, against the same defendants, for an aggravated form of the same offense, and of an acquittal by the justice, with proof that the transaction was the same which was the ground of the other prosecution, that the attorney then retained for the defendants appeared before the justice in the name of the state and took charge of the prosecution, and that the trial took place immediately after the other. Held that the evidence was admissible.

THIS was an information by the attorney for the state against Aaron Reed and Lorrin Peet for an aggravated assault upon Edwin M. Kellogg, upon which the defendants were brought into court upon a bench warrant. The defendants at the following term pleaded in bar a former conviction for the same assault, before one Harvey Turrill, a justice of the peace of the town of Kent, where the offense was committed, to which the attorney for the state replied that the prosecution on which the conviction was founded and the conviction were fraudulently procured by the defendants, and were illegal and void, upon which issue was joined.

The case was tried to the jury at the term of the superior court holden in Litchfield county in November, 1856. On the trial the defendants introduced a copy of the record of a court holden by Justice Turrill, in the town of Kent, on the 5th day of February, 1856, before whom the defendants were arraigned upon the complaint of a grand juror of said Kent, charging them with committing an assault upon Edwin M. Kellogg, on the 28th day of January, 1856; by which it appeared that the defendants were convicted by the justice and fined $3 each; with proof that the defendants were the identical persons named in the record as defendants, and that the offense described was the same that was described in the information filed in the present case.

The attorney for the state offered in evidence a copy of a record of a court holden by the said Justice Turrill on the same 5th day of February, 1856, before whom the defendants were arraigned upon another complaint, in the name of a different grand juror, charging them with committing an assault with intent to kill, upon the body of Edwin M. Kel-

logg, on the 28th day of January, 1856, upon which they were acquitted by the justice; with evidence that Edwin M. Kellogg, named in the record last mentioned, was the same person as the Edwin M. Kellogg named in the first record; that the offense attempted to be described in the last record, was the same transaction described as an offense in the first record; that the trial of the second complaint was at the same place and immediately after the trial of the first complaint; that both trials occupied but a short time, and that William Treat, who was admitted to have been retained as counsel for the defendants, on the 28th day of January, 1856, in relation to all difficulties growing out of the transactions of that day, appeared to prosecute said last mentioned complaint. It was claimed that this evidence tended to prove that the conviction of the defendants described in the record first named, was had by their procurement and solicitation. The defendants objected to the evidence but the court admitted it.

The attorney for the state claimed that the conviction of the defendants was not only had by their procurement and upon their solicitation, but also that it was under all the circumstances a fraud upon public justice, and therefore void, and offered evidence to prove that the authorities of the town of Kent, when getting up the complaint and procuring the conviction, knew that a bench warrant had already issued from the superior court then in session, for the arrest of the defendants for the same offense, and that the complaint was made and conviction had with the assent of the defendants, for the purpose of defeating the bench warrant.

The defendants, controverting these claims, insisted that inasmuch as the conviction was had before a court having jurisdiction of the parties and the subject matter of the complaint, it was not competent for the attorney for the state to attack it collaterally, by showing that the whole proceedings were fraudulent and void, and requested the court so to instruct the jury. The court instructed the jury that it was competent for the attorney for the state to show fraud to avoid the effect of the conviction; and that if the authorities

State *v.* Reed.

who were concerned in the trial and conviction of the defendants got up the prosecution against them for the purpose of screening them from merited punishment, and under the supposition that a bench warrant had been issued by the superior court for their arrest and trial for the same offense, and with an intent to screen them from the consequences of such trial, the proceedings were a fraud upon public justice, and consequently void, and no bar to the present prosecution.

The jury having returned a verdict of guilty, the defendants moved for a new trial for error in the charge of the court, and in the admission of evidence.

*Graves*, in support of the motion.

1. The court erred in admitting the evidence of the second prosecution before Justice Turrill. This prosecution was in the name of a different grand-juror, and entirely distinct from the other. The conviction pleaded in bar must be valid, independently entirely of any effect of the other prosecution upon it. The evidence tended to withdraw the attention of the jury from the real question before them, and to prejudice their minds.

2. The court erred in charging the jury that the conviction was void if the public authorities acted fraudulently in the matter, for the purpose of screening the defendants from justice. By this charge it was not necessary that the jury should find that the defendants were parties to the fraud, or that the authorities instituted the prosecution at their request or instigation, or even with their knowledge. If the defendants were not parties to the fraud, the state can not take advantage of it. The charge too would lead the jury to understand that the grand-jurors of a town can not legally prosecute for an offense where the attorney for the state has filed an information in the superior court, which is not so. Rev. Stat., tit., 3, § 43, 44. Tit. 6, § 152, 3. It is the duty of grand-jurors to prosecute for all offenses that come to their knowledge, within their limits. *Tucker* v. *Bradley*, 15 Conn., 46.

*Hubbard* and *Sedgwick*, (state attorney,) contra.

1. The evidence was admissible. It not only tended to show, which is sufficient, but was very strong evidence to show, that the whole proceeding before Justice Turrill was a fraud.

2. There is no error in the charge. It is implied that the authorities must have acted with the assent of the defendants. The fraud was for their benefit and to screen them from justice. The jury could not have been misled by the language used. Regarding it as intending that the fraudulent conduct of the authorities, with the assent of the defendants, would make the conviction void, it was clearly correct. Such collusive prosecutions are forbidden by statute. Rev. Stat., tit. 6, § 173. Independently of the statute prohibition, a conviction obtained by fraud would be void. The most solemn records are avoided by fraud. *Borden* v. *Fitch*, 15 Johns., 121, 137. *Oakley* v. *Aspinwall*, 4 Comst., 514. *Andrews* v. *Montgomery*, 19 Johns., 162. *Dobson* v. *Pearce*, 2 Kernan, 156. *Commonwealth* v. *Jackson*, 2 Virg. Cas., 501. *Hamilton* v. *Williams*, 1 Tyler, 15. *State* v. *Little*, 1 N. Hamp., 257. *Commonwealth* v. *Alderman*, 4 Mass., 477.

STORRS, C. J. Assuming, as we must, that the state had proved that the two complaints before the justice against the defendants were made at the same time, and prosecuted together, the first of them being for an ordinary, and the other for an aggravated assault,—that the trial of the second was had at the same place and immediately after the trial of the first,—that the defendants were present at the trial of both,—and that, on their confession, they were convicted on the first,—it is clear, that the evidence offered by the state to prove that the defendants permitted the counsel, whom they had retained to defend them in relation to all the difficulties growing out of the transaction on which those complaints were founded, to appear and prosecute, on behalf of the state, the last of those complaints, would show conduct on their part from which the jury would have a right to infer that both complaints were issued for one connected purpose, and

by the procurement and at the solicitation of the defendants. It was therefore properly received by the court below for that purpose.

The defendants, on the trial, in support of their plea of a former conviction of the same offense for which they were then on trial, introduced in evidence a record of a previous conviction for an offense of the same description, before a justice of the peace having jurisdiction of that offense, on the complaint of a grand-juror having authority to make present-ment thereof, and the proceeding in which case appeared in all respects to be regular, together with proof identifying the defendants and the transaction in that and the present case. The court below charged the jury, that if, as claimed to have been proved by the attorney for the state, the authorities, who were concerned in the trial of the prosecution before the justice, got up that prosecution under the belief that a bench warrant had been issued by the superior court for the arrest and trial of the defendants for the same offense, and for the purpose of screening them from merited punishment and from the consequences of a trial on such bench warrant, the pro-ceedings before the justice were a fraud upon public justice, and consequently null and void, and no bar to the present prosecution.  Without examining the question, which has not been made before us, whether the facts on which this charge was predicated would maintain the issue on the special plea in bar, we think that the principle laid down in this instruction was erroneous.  The record introduced by the defendants, with the requisite proof of identification, would clearly be conclusive evidence, under that plea, of their having been before convicted of the offense with which they were charged in the information then on trial, and therefore would constitute a defence to that information, on the well established and familiar principle that no person shall be twice put in jeopardy for the same offense, but for the fact that the proceedings on which the first conviction was founded were commenced and carried on with the im-proper motive and object, on the part of the prosecuting authorities, which were imputed to them by the state and

supposed in the charge of the court. We are clearly of opinion that the general rule, as to the effect of judgments, that, when regularly rendered by a court of competent jurisdiction, they are conclusive between the parties to it, and can not be collaterally impeached, was fully applicable to the first conviction, and that its effect was not destroyed or impaired by the misconduct of the prosecuting officers by whose instrumentality it was procured. Those officers, in conducting that prosecution, were the agents of the state, and acted by its authority, and within the scope of the powers which the law conferred on them. If they prostituted their power in the manner claimed by the state, they may perhaps be liable criminally; but, however it might be at the common law, if the conviction in question had been procured by the fraud and collusion of the defendants, on which point there are respectable authorities to show that it would be void, ( *Commonwealth* v. *Jackson*, 2 Virg. Cas., 501; *Hamilton* v. *Williams*, 1 Tyler, 15; *State* v. *Little*, 1 N. Hamp., 257; *Commonwealth* v. *Alderman*, 4 Mass., 477;) the charge of the court proceeded in this case on the ground that there was no connection, combination, or privity, between the public authorities and the defendants, or any fraud on the part of the latter; and it was not competent for the state to disavow the acts of its authorized agents, or to question the validity or effect of a judgment procured by their means, in its own favor, as it respected the defendants, who were affected by it, but between whom and such public officers there was no complicity. Such an inquiry is precluded by that absolute verity which the law, from motives of high public policy, conclusively attaches to the adjudications of all courts acting regularly within their jurisdiction, as well as by the maxim, *nemo bis vexari pro eâdem causâ.* It appears to be well settled that even a party, against whom a judgment has been obtained by fraud, can not, as between him and the other party, collaterally impeach it on that ground; and in *Bostwick* v. *Lewis*, 2 Day, 447, and *Smith* v. *Lewis*, 3 Johns., 157, it was held that no action for such fraud will lie in favor of the former against the latter; *a fortiori* a person who has

obtained a judgment in his own favor against another by the fraud or misconduct of himself, or his agent, which in law is imputed to himself so far as its effect upon others is concerned, can not impeach it as against the latter on that ground.    A new trial is therefore advised.

In this opinion the other judges concurred.

New trial advised.