# Drake v. The State.

### Indictment for Assault with Intent to Murder.

1. *Plea of guilty, after former conviction.*—A single criminal act can not be split up into two or more distinct indictable offenses, and prosecuted as such; yet, under an indictment charging an assault with intent to murder, a plea of former conviction of an assault and battery without a weapon having been found in favor of the defendant, if the judgment entry recites that a *nolle-prosequi* was thereupon entered as to the felony charged in the indictment, and that the defendant, "being then put on trial, under said indictment, for an assault and battery with a weapon, by leave of the court withdraws his plea of not guilty, herein before interposed by him, and pleads guilty of an assault and battery with a weapon," he can not complain that a verdict and judgment were thereupon rendered, finding him guilty of an assault and battery.

2. *Whether court or jury fix punishment for misdemeanor.*—On plea of guilty, in cases of misdemeanor, the punishment is fixed by the court (Code of 1876, §§ 4453, 4484), and not by the jury.

FROM the Circuit Court of Sumter.
Tried before the Hon. LUTHER R. SMITH.

[Drake v. The State.]

The indictment in this case contained but a single count, which charged that the prisoner, Redmond Drake, "unlawfully, and with malice aforethought, did assault Job Ellis with intent to murder him." The judgment-entry, after reciting the appearance of the parties, &c., proceeds as follows : "The defendant pleads a former conviction, to so much of said indictment as charges an assault and battery on said Job Ellis without a weapon ; and the State having joined issue upon said plea, thereupon came a jury," &c., who found the issue in favor of the defendant. "It is therefore considered by the court, that said defendant be discharged from so much of said indictment as charges him with an assault and battery without a weapon. Thereupon, by leave of the court, the solicitor takes a *nolle-prosequi* as to so much of the charge in said indictment *which* charges said defendant with intent to murder ; and thereupon said defendant, being put on trial, under said indictment, for an assault and battery with a weapon, by leave of the court withdraws his plea of not guilty, herein before interposed by him, and, by leave of the court, pleads guilty to the charge of an assault and battery with a weapon. Thereupon, came a jury," &c., who returned a verdict of guilty ; and the court thereupon sentenced him to hard labor for the county for ten days, and an additional term for the costs, at the rate of twenty cents per day. There is no bill of exceptions in the record, and no writ of error ; but the judgment-entry recites, that the defendant "appealed to the Supreme Court."

SNEDECOR & COCKRELL, for the prisoner.—Under the indictment, as framed, the defendant might have been convicted of a simple assault, an assault and battery, or an assault with intent to murder. When the prosecuting attorney had entered a *nolle-prosequi* as to the felony charged, and the plea of former conviction had been sustained as to the charge of an assault and battery, there remained nothing to which the plea of guilty could apply. The record thus presents the case of a plea of guilty, followed by a judgment and sentence, in the absence of any charge whatever against the defendant. Such a judgment can not be sustained. When the indictment charges no offense, a plea of guilty amounts to nothing. That a person can not be twice tried and punished, as for two separate offenses, growing out of one and the same transaction, see *The State v. Johnson*, 12 Ala. 840 ; 33 Ala. 419 ; 40 Ala. 716. Besides, the defendant ought to have been discharged on the verdict, which did not impose any punishment whatever on him.—Rev. Code, §§ 3685, 3806, 4170 ; 30 Ala. 14.

[Drake v. The State.]

JOHN W. A. SANFORD, Attorney-General, for the State.

STONE, J.—The indictment in the present record is sufficient, under our statute. It charged the defendant with an assault with intent to commit murder. That feature, which charged the murderous intent, was *noll-prossed*, and defendant's plea of former conviction of assault and battery without a weapon was found in his favor. In this condition of the record, it is possible that, on a plea of not guilty, in continuation of the former conviction, the defendant could not have been found guilty. The law does not permit a single, indivisible act, to be divided, so as to make out of it two distinct indictable offenses. "The decisive test is, that the same testimony will support both charges."—*State v. Johnson*, 12 Ala. 840.

But, in this case, the defendant pleaded guilty of an assault and battery with a weapon. The question of guilty or not guilty was not before the court or jury. The only open question was the *quantum* of punishment. It would be a novelty in criminal jurisprudence, for the record to disclose a plea of guilty, and a judgment, with or without verdict, that the defendant was not guilty. But the present record makes a stronger case than this. The recital in the judgment-entry is, "Thereupon, the said solicitor, by leave of the court, takes a *nolle-prosequi* as to so much of the charge in the said indictment which charges said defendant with intent to murder; thereupon said defendant, being put on trial, under said indictment, for an assault and battery with a weapon, by leave of the court withdraws his plea of not guilty, herein before interposed by him, and, by leave of the court, pleads guilty to the charge of an assault and battery with a weapon." We think this record justifies us in holding, that by leave of the court, the solicitor abandoned the felonious charge in the indictment, on an agreement and understanding that the defendant would plead guilty of the lesser offense, included therein, an assault and battery with a weapon, but without the felonious intent; and that the plea of guilty was but the consummation of the agreement thus made, with the knowledge and sanction of the court. There is nothing in this assignment of error.

2. There is nothing in the argument that, after the plea of guilty, the jury alone could impose the punishment, in cases of misdemeanor.—Code of 1876, §§ 4453, 4484.

There is no error in the record, and the judgment of the court is affirmed.