# Moore *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1.   *A crime can not be split up into two or more distinct offenses.*—A single crime can not be split up, or subdivided into two or more indictable offenses; and hence, if the State, through its authorized officers, elects

| 71 | 307 |
|---|---|
| 111 | 26 |
| 114 | 34 |
| 71 | 307 |
| d120 | 379 |
| 71 | 307 |
| 123 | 76 |
| 71 | 307 |
| f129 | 103 |
| 71 | 307 |
| 131 | 38 |
| 71 | 307 |
| 133 | 188 |
| 71 | 307 |
| 134 | 216 |
| 71 | 307 |
| e136 | 100 |

[Moore v. The State.]

to prosecute a crime in one of its phases or aspects, it can not afterwards prosecute for the same criminal act under color of another name.

2. *Plea of former conviction; when good.*—To an indictment for an assault with an intent to murder, a plea of former conviction of an assault and battery with a stick in the county court, based on the same criminal act, is good, although the offense charged in the indictment is a felony, and the offense for which there was a former conviction is merely a misdemeanor.

3. *Same; when vitiated for fraud.*—If, however, the former conviction was procured by the fraud, connivance or collusion of the defendant, this would vitiate the conviction, and it would not be a bar to the indictment.

4. *Same; plea need not negative fraud.*—The defendant is not required to negative in his plea the existence of such fraud, connivance or collusion; but, if it exists, the State must set it up by replication to the plea.

5. *Sections 4629–30 of the Code; when provisions not applicable.*—The provisions of sections 4629–30 of the the Code of of 1876 have no application in this case, as they only authorize the abatement of a prosecution for a misdemeanor, pending in the circuit court, on sworn plea of the defendant, averring that the county court had acquired prior jurisdiction, without his "agency, request, participation, or authority," and that the prosecution is still pending in the county court, and on proper proof supporting the plea.

APPEAL from Greene Circuit Court.
Tried before Hon. WM. S. MUDD.
The facts are sufficiently stated in the opinion.

HEAD & BUTLER, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—The defendant was indicted in the Circuit Court of Greene county for an assault and battery, with a stick, upon one Dunlap, with *intent to murder* him—an offense which is denounced as a *felony* by the statute, being made punishable by imprisonment in the penitentiary, or hard labor for the county, for not less than two, nor more than twenty years.—Code, § 4314. The defense interposed is that of a former conviction of *an assault and battery*, with a stick, prosecuted in the *county court*—an offense punishable as a misdemeanor, by fine, and imprisonment in the county jail, or sentence to hard labor for the county, for not more than six months. Code, § 4318. The county courts have no jurisdiction of felonies, but have original jurisdiction, concurrent with the circuit and city courts, of all misdemeanors, committed in their respective counties.—Code, § 718. The question raised for our decision is the correctness of the ruling of the Circuit Court in sustaining a demurrer to this plea of *autrefois convict*, based on this state of facts.

We are clearly of the opinion that the plea was good, and

[Moore v. The State.]

the court erred in sustaining the demurrer. It may be true that an acquittal of a minor offense will not, in all cases, operate to bar a greater.—1 Bish. Cr. Law (6th Ed.), § 1059. Hence, we sometimes find the general declaration anciently made, that "an acquittal upon an indictment for a felony is no bar to an indictment for a misdemeanor, and *e converso*."—Arch. Cr. Pl. 52; 2 Hawk. B. 2, C. 35, § 5. But this must be understood to be true only of "those cases in which the former charge did not necessarily include the latter."—Chitty Cr. L. 456. The true rule seems to be, that, *if the minor offense is embraced within the major one*, as a constituent element, or component part of it, and on the trial of the one *there can be a conviction of the other*, then a former conviction or acquittal of the minor will bar the major.—Whart. Cr. Ev. § 584; 1 Bish. Cr. Law, §§ 1055–1058. This is certainly the general rule, subject, perhaps, to certain exceptions, either real or apparent.—1 Whart. Amer. Cr. Law, § 563, 566. If such were not the case, as suggested by Mr. Bishop, "then the prosecutor may begin with the smallest, and obtain successive convictions, ending with the largest [offense]; while, if he had begun with the largest, he must there stop—a conclusion repugnant to good sense."—1 Bish. Cr. Law (6th Ed.), §§ 1057, 1055.

A conclusive reason for the soundness of this view, to our mind, is, that if a defendant has been tried for the *smaller* offense—whether acquitted or convicted it is immaterial—and he is afterwards put on trial for the *larger*, he is twice in jeopardy for the smaller offense. The Declaration of Rights provides, that "no person shall, for the same offense, be twice put in jeopardy of life or limb."—Const. 1875, Art. 1, § 10. The principle of *autrefois convict* or *acquit* is known to have been based upon the parallel principle of the common law, forbidding, at least in the established practice of the courts, that any one should be twice put in jeopardy for the same offense.—Well's Res. Adj. § 408; 1 Bish. Cr. L. §§ 981–982. It was a universally admitted rule at common law, that a conviction of *manslaughter* would bar an indictment for murder, based upon the same act of homicide; for, observes Blackstone, "the fact prosecuted is the same in both, though the offenses differ in coloring." 4 Black. Com. 336; 4 Coke, 45–46; 2 Hale, 246. And the same principle has become the settled rule of the American courts, under statutes defining the crimes of murder and manslaughter.—1 Bish Cr. L. (6th Ed.) § 1056, 1068; *Brennan v. People*, 15 Ill. 511; *Hurt v. State*, 25 Miss. 378; *People v. Hunckeler*, 48 Cal. 331. The reason is, that manslaughter is a component part of the crime of murder, and if not guilty of the lesser offense, a defendant can not be guilty of the greater, which is the same crime with the additional element of malice

and design. So, when convicted of the lesser offense, if afterwards tried for the greater, he will be placed in jeopardy a second time for the lesser, for which he might be convicted under an indictment for the greater.—*State v. Cooper*, 1 Green (N. J.), 361, 372. In *State v. Chaffin*, 2 Swan (Tenn.), 493, this rule was applied to an indictment for an assault and battery, and it was held, that one convicted of an *assault* only is protected thereby from prosecution afterwards for the *battery*. It was observed by the court, that "the one is a necessary part of the other; and if he [the defendant] be now punished for the battery, he will thereby be twice punished for the assault."—1 Bish. Cr. L. § 1058. So it has been held by other courts, quite uniformly, that where a defendant is convicted of an assault, on an indictment for an assault and battery; or of an assault under an indictment for an assault with intent to murder, he can not afterwards be tried for the greater offenses—the assault and battery, or the assault with intent to murder.—Whart. Cr. Ev. § 584. The case of *Commonwealth v. Miller*, 5 Dana (Ky.), 320, presents a ruling analogous to the above authorities. It was there held, that a conviction of a breach of the peace, before a justice's court, would bar an indictment in the circuit court for an assault and battery in the commission of such breach of the peace. The decision was placed on the ground, that a second prosecution would be violative of the principle, that no person should be twice punished for the same offense. In *State v. Johnson*, 12 Ala. 840, it was decided that two indictments, one for *resisting legal process*, and the other for *an assault*, can not be supported where they are intended to cover essentially the same offense, the decisive test being considered to be, that the same testimony would support both charges.

These decisions are, in our opinion, based upon sound legal principles. A single crime can not be split up, or subdivided into two or more indictable offenses.—*Drake v. State*, 60 Ala. 42. A series of criminal charges can not, under our system of jurisprudence, be based on the same offense, or criminal act, at least, as concerns the dignity of the same sovereignty.—*Reg. v. Elrington*, 9 Cox C. C. 86; *State v. Damon*, 2 Tyler (Vt.), 387; 2 Bish. Cr. Law, § 1060. If the State elects, through its authorized officers, to prosecute a crime in one of its phases, or aspects, it can not afterwards prosecute the same criminal act under color of another name. It was forcibly said in *Jackson v. The State*, 14 Ind. 327–8: "The State can not split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime." Such was the view also taken in *State v. Cooper*, 1 Green (N. J.), 361, where it was held that the prisoner's acquittal of the crime of *arson*,

[Moore v. The State.]

which resulted in the unintentional destruction of the life of a human being, was a good defense, under the plea of *autrefois acquit*, to an indictment charging him with the *murder* of the same person whose life was destroyed by the perpetration of the arson. It was said by the court that the two crimes charged were essentially the same, the one being a necessary ingredient of the other, and to permit both prosecutions would be virtually to permit the prisioner to be twice put in jeopardy for the same offense; and that "where the State has thought proper to prosecute the offense in its mildest form, it is better that the residue of the offense go unpunished, than by sustaining a second indictment to sanction a practice which might be rendered an instrument of oppression to the citizen." See also *Roberts v. The State*, 14 Ga. 8; *State v. Lewis*, 2 Hawks (N. C.), 98; *Foster v. State*, 39 Ala. 229; *Harrison v. State*, 36 Ala. 248.

The above principle is subject, of course, to the modification that if the former conviction was procured by the fraud, connivance, or collusion of the defendant, this fact vitiates it, and it is no bar to a subsequent prosecution.—*State v. Little*, 1 New Hamp. 257; *State v. Lowry*, 1 Swan (Tenn.), 34; *State v. Reed*, 26 Conn. 202; 1 Bish. Cr. L. §§ 1008, 1010.

The plea of the defendant, however, is not required to negative such fraud on defendant's part. If the State intends to avoid the force of the plea of former conviction, or acquittal, by showing that the proceedings in the former case were fraudulently designed to shelter the defendant from the punishment justly due his offense, such facts must be set up by *replication* to the plea.—*State v. Clenny*, 1 Head (Tenn.), 271.

Section 4629 and 4630 of the present Code have no application to this case. They only authorize the abatement of a prosecution for a misdemeanor, pending in the circuit court, on sworn plea of defendant, supported by proper proof, and averring the fact that the county court had acquired prior jurisdiction of the same offense, without his "agency, request, participation, or authority," and alleging further that the *prosecution was still pending in the county court*. Although the jurisdiction of the two courts is concurrent as to all misdemeanors, and the usual rule in such cases is that the court first acquiring jurisdiction retains it, the evident purpose of these statutory provisions was to give the circuit court priority of jurisdiction, unless the prosecution in that court should be abated by such a sworn plea as that required.

The judgment of the Circuit Court must, under these views, be reversed, and the cause remanded. In the meanwhile, let the defendant be retained in custody until properly discharged by due process of law.