# Brown *v.* The State.

## *Indictment for Larceny.*

1. *Larceny; plea of former jeopardy; sufficiency.*—On a trial under an indictment for the larceny of a cow, a special plea setting up former jeopardy, in which it was averred that the defendant was convicted and fined by the justice of the peace for the same offense, is insufficient as a bar to the prosecution; since justices of the peace, under the statute (Code of 1896, § 4630). have only limited final jurisdiction of petit larceny; and under the statute (Cr. Code of 1896, § 5049) the larceny of a cow is grand larceny and a felony, without reference to its value.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

The appellant, Zeke Brown, was indicted and con- victed for the larceny of a cow, the personal property of one James Ginn. The defendant pleaded two special pleas, in which he set up former jeopardy, in that he had been tried and convicted before a justice of the peace for the same offense. To each of these pleas the State filed separate demurrers, the substance of which

is stated in the opinion. The demurrer was sustained to each plea, and to each of these rulings the defendant separately excepted. The rulings upon the demurrers to the pleas present the only questions presented for review on the present appeal.

GRAYSON & FOSTER, for appellant, cited *Powell v. State*, 89 Ala. 172.

CHARLES G. BROWN, Attorney-General, for the State.

DOWDELL, J.—The defendant was indicted and convicted for the larceny of a cow. The only question reserved for review upon the trial arises out of the ruling of the court upon the sufficiency of two pleas filed by defendant, setting up a conviction for the same offense by a justice of the peace. To each of these pleas a demurrer was sustained. The sole ground of demurrer to each was, in effect, that the justice of the peace had no jurisdiction to hear and determine the guilt of the defendant and adjudge a punishment therefor, but that he could only hear and determine the question of probable cause of his guilt, and adjudge that he be committed to jail to await the action of the grand jury unless he enter into bond, or discharge him.

The statute makes the larceny of a cow a felony without reference to its value.—Code of 1886, § 3789; Code of 1896, § 5049.

Justices of the peace have final jurisdiction of petit larceny when the value of the commodity which is the subject of the crime does not exceed ten dollars.—Code of 1886, § 4233; Code of 1896, § 4630. Unless the crime of petit larceny could have been carved out of the offense with which the defendant was charged, the judgment of conviction by the justice was void. And the cases of *Powell v. State*, 89 Ala. 172, *Moore v. State*, 71 Ala. 311, and *Drake v. State*, 68 Ala. 511, have no application.

The larceny of a cow is not only a felony under our statute, but was so at common law.—1 Bishop New Cr. Law, 679.

So it was impossible for a lesser offense, over which the justice had jurisdiction, to be included in the charge

against the defendant. The defendant was never in jeopardy, and there was no error in sustaining the demurrer to each of the pleas.

Judgment affirmed.