188 So. 79

## KNIGHT v. STATE.
### 4 Div. 507.

Court of Appeals of Alabama.

April 11, 1939.

W. P. Calhoun, of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The accusation against this appellant, by indictment, was robbery, and charged that he feloniously took four one dollar bills, and one silver dollar, of the lawful money of the United States of America, of the value of five dollars, the property of Pedro Chavez, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same, etc.

Robbery, under the Statute in this State, is a capital offense, as upon conviction the defendant may be sentenced to death; the lowest penalty being imprisonment in the penitentiary for ten years. Section 5460, Code 1923.

Section 8697, Code 1923, provides: "When the indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto, or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony, or a misdemeanor."

■ Under an indictment for robbery there can be a conviction for assault and battery. Smith v. State, 11 Ala.App. 153, 65 So. 693.

■ The record in this case discloses, upon arraignment, the defendant expressly waived his right to a special venire.

The trial resulted in the conviction of defendant for the offense of assault and battery and the jury assessed a fine against him of twenty-five dollars.

Failing to pay the fine and cost of the proceeding, the court, as the Statute requires, duly sentenced the defendant to perform hard labor for the county for the prescribed term fixed by Statute. Judgment of conviction was pronounced and entered, from which this appeal was taken, and as said appeal is rested upon the record proper without bill of exceptions, the only question presented for our consideration is the regularity of the proceedings in the court below as shown by this record. We find upon examination there is no error apparent upon the record, the proceedings appearing regular in all respects. It follows, therefore, that the judgment of conviction from which this appeal was taken must be, and is, affirmed.

Affirmed.