251 So.2d 633

**Willie BALDWIN**

v.

**STATE.**

5 Div. 7.

Court of Criminal Appeals of Alabama.

Aug. 17, 1971.

Russell, Raymon & Russell, Tuskegee, for appellant.

**138**

MacDonald Gallion, Atty. Gen., and Robert E. Morrow, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was convicted in the Circuit Court of Macon County of robbery and sentenced to ten years in the penitentiary.

At the trial the State's evidence tended to show that the appellant was living in Tuskegee with a man named Jeeter, whose home was next to Lillian Foy Ivey, a seventy year old woman. Around 8:00 or 8:30 P.M. on the night of October 13, 1967, the appellant knocked at this woman's back door and asked if she had a room to rent. She replied that she did not and then he asked for a drink of water. The woman gave him a glass of water and when she opened the screen door to retrieve the glass, the appellant stepped inside her house and told her he wanted her money. He struck her twice in the face and choked her until she gave him a five dollar gold piece and a ten dollar bill. The appellant testified in his own behalf and denied the robbery.

The only question presented on this appeal involves the pleading of double jeopardy.

The indictment was returned on April 18, 1968. At arraignment on April 24, 1968, counsel was appointed to represent appellant due to his indigency. After the attorney was appointed he had a brief conversation with the appellant and after the appellant assured the attorney of his innocence a plea of not guilty was entered. Later that same day, after appellant's counsel had a conversation with the "clerk" he filed written pleas of autrefois convict and former jeopardy properly verified in accordance with Tit. 15, § 280, Code, 1940, alleging that appellant had formerly been convicted of assault and battery in the Inferior Court of Macon County, Alabama. It was further alleged that the instant indictment for robbery is based on the same act or transaction as his conviction for assault and battery. The trial court allowed these pleas to be entered and later, on April 29, 1968, the day the case was set for trial, struck them ex mero motu.

For a better understanding of what transpired, we quote from the record:

"*THE COURT*: Let the record show that the court, ex mero motu, struck defendant's pleas (1) Autrefois convict and

(2) Former jeopardy on the ground that the pleas were filed after the plea of not guilty. The plea of not guilty was not withdrawn.

"MR. RAYMON: May it please the Court, we except to the Court's ruling. And now, we would like for this set of facts to appear on the record: That I was appointed to represent the defendant, Willie Baldwin, and after I discussed the matter with him as to whether or not he was guilty and he assured me he was not guilty. That is all that he said. I ask about being in jail and he said he had been in jail since the time of his arrest. That was all the information that was given me by Willie Baldwin. I then entered the plea for him to the indictment not guilty. Subsequent to entering the plea of not guilty, I became aware in discussing the matter with the Clerk that the defendant had been convicted in Inferior Court for assault and battery for a matter arising out of the same transaction. At that time, I asked the Court to allow me to enter the following two pleas: Autrefois Convict and double jeopardy. The Court gave me that permission. Since the Court struck the pleas, I am asking the Court now to be allowed to withdraw the plea of not guilty in order to file with the Court the proper pleas that should have been filed, should I have been aware of the circumstances at the time of the arraignment. That is my question at this time.

"THE COURT: That motion is respectively overruled Mr. Raymon and let the record show that at the time these two pleas of (1) Autrefois Convict, and (2) Former jeopardy were filed, the Court frankly had overlooked the point that they could not be filed after arraignment and after a plea of not guilty had been filed at the arraignment. And furthermore, the plea of not guilty was not withdrawn before the plea of (1) Autrefois convict, and (2) Former jeopardy were filed. After considering the question, the Court is of the opinion that these two pleas of (1) Autrefois convict, and (2) former jeopardy came too late and for that reason these pleas are stricken and the motion of the defendant to now withdraw the plea of not guilty and enter these two pleas is respectfully overruled and denied.

"MR. RAYMON: We have an exception to the Court's rulings. Now, I would like to have the records show that if I were allowed to go forward with the pleas that I have requested the Court to allow me to enter on behalf of the defendant that the defendant would prove that he has been tried and convicted in the Inferior Court of Macon County, Alabama of assault and battery arising out of the same transaction, for which offense, he was fined the sum of $250.00 and sentenced to 180 days in prison and that under those facts the [sic] he is in actuality under double jeopardy under the provisions of Article 1, Section 9 of the Alabama Constitution 1901, as well as the provisions of the United States Constitution of Amendment 14 and Amendment 5, wherein double jeopardy is prohibited, and we would offer to show that he has been previously tried and convicted for an offense arising out of the same transaction, against the same person involved in the present indictment, which said offense, if committed, was committed at the same time and would be a part of the offense which he is presently charged at this time. And therefore, his constitutional rights as to double jeopardy have been denied to him because of the fact that the information was not forthcoming to his counsel at the time that counsel was appointed by the Court to defend him in this matter."

The question then is whether the trial court abused its discretion in striking these pleas after first having allowed them.

We first address ourselves to whether the pleas are meritorious if properly proven.

Art. 1, § 9, of the Constitution of Alabama of 1901 provides that "no person shall, for the same offense, be twice put in jeopardy of life and limb * * *."

A single crime cannot be split up, or divided, into two or more offenses. Hurst v. State, 86 Ala. 604, 6 So. 120. Neither can a series of charges be based upon the same act. Gunter v. State, 111 Ala. 23, 20 So. 632; Clayborne v. State, 103 Ala. 53, 15 So. 842; Crosswhite v. State, 31 Ala.App. 181, 13 So.2d 693.

Tit. 15, § 287, Code, 1940, provides:

"Any act or omission declared criminal and punishable in different ways by different provisions of law, shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."

In Moore v. State, 71 Ala. 307, where a former conviction of assault and battery was held to preclude a subsequent prosecution for assault with intent to murder, the court said:

"* * * The true rule seems to be, that, if the minor offense is embraced within the major one, as a constituent element, or component part of it, and on the trial of the one there can be a conviction of the other, then a former conviction or acquittal of the minor will bar the major.—Whart. Cr.Ev. § 584; 1 Bish. Cr.Law, §§ 1055–1058. This is certainly the general rule, subject, perhaps, to certain exceptions, either real or apparent.—1 Whart. Amer.Cr.Law, § 563, 566. If such were not the case, as suggested by Mr. Bishop, 'then the prosecutor may begin with the smallest, and obtain successive convictions, ending with the largest [offense]; while, if he had begun with the largest, he must there stop—a conclusion repugnant to good sense.'—1 Bish. Cr.Law (6th Ed.) §§ 1057, 1055.

"A conclusive reason for the soundness of this view, to our mind, is, that if a defendant has been tried for the smaller offense—whether acquitted or convicted it is immaterial—and he is afterwards put on trial for the larger, he is twice in jeopardy for the smaller offense. The Declaration of Rights provides, that 'no person shall, for the same offense, be twice put in jeopardy of life or limb.'—Const.1875, Art. 1, § 10. The principle of autrefois convict or acquit is known to have been based upon the parallel principle of the common law, forbidding, at least in the established practice of the courts, that any one should be twice put in jeopardy for the same offense.—Well's Res.Adj. § 408; 1 Bish. Cr.L. §§ 981–982. * * *

"These decisions are, in our opinion, based upon sound legal principles. A single crime can not be split up, or subdivided into two or more indictable offenses.—Drake v. State, 60 Ala. 42. A series of criminal charges can not, under our system of jurisprudence, be based on the same offense, or criminal act, at least, as concerns the dignity of the same sovereignty.—Reg. v. Elrington, 9 Cox, Cr.Cas. 86; State v. Damon, 2 Tyler (Vt.) 387; 2 Bish. Cr.Law, § 1060. If the State elects, through its authorized officers, to prosecute a crime in one of its phases, or aspects, it can not afterwards prosecute the same criminal act under color of another name. It was forcibly said in Jackson v. State, 14 Ind. 327, 328: 'The State can not split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime.' * * *

"The above principle is subject, of course, to the modification that if the former conviction was procured by the fraud, connivance, or collusion of the defendant, this fact vitiates it, and it is no bar to a subsequent prosecution.—State v. Little, 1 N.H. 257; State v.

Lowry, 1 Swan (Tenn.) 34; State v. Reed, 26 Conn. 202; 1 Bish. Cr.L. §§ 1008, 1010. * * *"

██ Quite obviously, under the facts of this case and under the instant indictment for robbery, the appellant could have been convicted of the lesser included offense of assault and battery. Knight v. State, 28 Ala.App. 489, 188 So. 79. Had this occurred, he would stand convicted of assault and battery twice for the same identical act.

Another test often applied by the courts is stated in Brown v. State, 30 Ala.App. 27, 200 So. 630, cert. denied 240 Ala. 589, 200 So. 634:

"As we see it, the established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second.

Such has been the holding in innumerable decisions of the appellate courts of this State, some of which are hereby cited: Foster v. State, 39 Ala. 229; Gordon v. State, 71 Ala. 315; Hall v. State, 134 Ala. 90, 115, 32 So. 750; Ex parte State, etc., 210 Ala. 69, 70, 97 So. 240; Eastep v. State, 25 Ala.App. 593, 151 So. 616."

Clearly the evidence adduced to prove the robbery indictment would have warranted a conviction of assault and battery.

██ Since Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Fifth Amendment guarantee against

double jeopardy is enforcible against the states through the Fourteenth Amendment.

Apparently, according to the opinion in Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, and the decision in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, decided the same day as *Benton*, the Supreme Court of the United States accorded full retroactive effect to the *Benton* doctrine.

██ It has long been the recognized rule that pleas in abatement and special pleas in bar must be filed either before or simultaneously with the pleas of not guilty. This is as it should be because the plea of former jeopardy raises entirely different issues from those raised in the plea of not guilty. Quite logically the former jeopardy plea should be disposed of first. The cases also permit the trial judge in his discretion to allow special pleas to be filed after pleas in bar. The trial court is permitted this flexibility so as to meet the demands of justice as each particular case might require. According to McGee's Alabama Criminal Procedure, p. 123:

"* * * A prevailing practice is to allow defendant—not as a matter of right, but at the court's discretion—to withdraw any plea, whether dilatory or to the merits, and substitute for it any other plea. * * *"

Indeed the practice in many circuits today is to permit a defendant to plead not guilty at arraignment with leave to offer any other pleas special or otherwise at a later date or within a specified time. This practice no doubt was encouraged due to the inherent problems of arraigning oftentimes a large number of indigent defendants and appointment of counsel where often little time is extended counsel to confer with his client. This practice was adopted to prevent unusually long arraignment proceedings.

██ In this case appellant was indigent and counsel was appointed to represent him on the day of arraignment. After a brief

conversation with his client a plea of not guilty was entered. That same day after counsel became aware of the former conviction, pleas raising that issue were filed. These pleas were meritorious on their face and raised both state and federal constitutional rights which if proven would end the prosecution.

Under these circumstances, the appellant should have had the opportunity to have been heard on his pleas of former jeopardy. The judgment appealed from is, therefore, due to be reversed and the cause remanded.

Reversed and remanded.