447 So.2d 196 (1984)
Ex parte: Donnie ROWELL.
(Re: Donnie Rowell v. State of Alabama).
82-1084.
Supreme Court of Alabama.
March 9, 1984.
Dissenting Opinions March 21, 1984.
Claude P. Rosser, Jr. of Prestwood & Rosser, Montgomery, for petitioner.
*197 Charles A. Graddick, Atty. Gen. and Richard L. Owens, Asst. Atty. Gen., for respondent.
FAULKNER, Justice.
Writ quashed as improvidently granted.
TORBERT, C.J., and MADDOX, ALMON, SHORES and BEATTY, JJ., concur.
JONES and ADAMS, JJ., dissent.
EMBRY, J., not sitting.
JONES, Justice (dissenting).
I respectfully dissent. This Court's summary order quashing the writ to review the Court of Criminal Appeals' affirmance of Petitioner's conviction, 447 So.2d 193, in my opinion, overlooks Code 1975, § 15-3-8:
"Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
This statute is a legislative refinement of the constitutional protection against double jeopardy. The "same offense" criterion of the United States (Amendment V) and Alabama (Sec. 9) Constitutions has been further defined (i.e., the protection has been expanded) for state law application by § 15-3-8. The federal cases interpreting Amendment V, without the benefit of our State statute, have necessarily dealt with the "elements" of the respective offenses. We need not reach those considerations here.
The instant facts central to the dispositive issue are quite simple. The Defendant "broke down" the door of his erstwhile father-in-law's house in order to gain entrance to "talk to" his ex-wife. His ex-wife's father "swore out warrants" for two separate offenses: criminal mischief (destruction of property) and burglary in the third degree (knowingly entering a building with the intent to commit a crimeharassment). He pleaded guilty to criminal mischief, was found guilty, and sentenced to 15 days' confinement. He was then rearrested, indicted, found guilty of burglary in the third degree, and sentenced to six years' imprisonment.
If we focus on the elements of the respective offenses involved to test the double jeopardy defense, the rationale of the Court of Criminal Appeals' opinion is defensible. The gravamen of the misdemeanor to which he pleaded guilty and was sentenced to 15 days was the damage to the door. It had nothing to do with entering the house, at least in the abstract. Indeed, as Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), points out, under the United States Constitution, a single act may constitute two or more triable criminal offenses, if the requisite elements of proof for one crime differ from the requisite elements of proof for the other. So, this constitutional test is satisfied even if some elements of the two crimes, during different trials, are proved by the same evidence.
But § 15-3-8 focuses, not on the elements of the offenses, but on "any act [of the defendant] declared criminal and punishable in different ways by different provisions of law ...." Furthermore, it is not double conviction, but double punishment, that is proscribed. Yelton v. State, 56 Ala.App. 272, 321 So.2d 234, cert. denied, 294 Ala. 745, 321 So.2d 237 (1975).
The question, then, is: Did the Defendant's single act of breaking down the door form the basis for both prosecutions and punishments? To answer this question in the negative is to deal in fiction to the point of silliness. One would have to say that the two acts consist: first, of jamming his body against the door with such force that he broke it down; and, second, of falling through the doorway into the house. This is not to suggest that anyone, even the State, has attempted to divide this single transaction into two acts, thus destroying the "any" act concept of the statutory proscription against double punishment for a single act.
*198 The interpretation of § 15-3-8 is not left to our imagination. A number of cases, annotated in the Code, give a broad range of operation for double conviction, as well as double punishment, when a single incident involves two or more acts of the defendant. For example, this Defendant could have been tried, convicted, and sentenced for criminal mischief and harassment, because a different act would have been involved in each of these offenses. If the evidence so warranted, he could have been tried, convicted, and sentenced for burglary, kidnapping, and rape. Three separate acts would have been necessary for the commission of these three crimes.
Can it be said that, under the facts of this case, § 15-3-8 contemplates that somewhere during the Defendant's flight, as he lunged through the door into the house, one act ceased and another act commenced? As ridiculous as an affirmative reply may sound, it is the only conceivable rationale to avoid the proscriptive effect of the statute.
ADAMS, J., concurs.
ADAMS, Justice (dissenting).
This case involves a very muddled area of the law. Our state courts have taken seemingly inconsistent positions. In Baldwin v. State, 47 Ala.App. 136, 251 So.2d 633 (1971), our Court of Criminal Appeals said, quoting from Moore v. State, 71 Ala. 307:
"A single crime can not be split up, or subdivided into two or more indictable offenses.Drake v. State, 60 Ala. 42. A series of criminal charges can not, under our system of jurisprudence, be based on the same offense, or criminal act, at least, as concerns the dignity of the same sovereignty.Reg. v. Elrington, 9 Cox, Cr.Cas. 86; State v. Damon, 2 Tyler (Vt.) 387; 2 Bish.Cr.Law, § 1060. If the State elects, through its authorized officers, to prosecute a crime in one of its phases, or aspects, it can not afterwards prosecute the same criminal act under color of another name. It was forcibly said in Jackson v. State, 14 Ind. 327, 328:
`The State can not split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime.'...."
Baldwin, 47 Ala.App. at 140, 251 So.2d at 636-637.
But this court seems to state to the contrary in Racine v. State, 291 Ala. 684, 286 So.2d 896 (1973). In that case, this court said:
A plea of former jeopardy is unavailing unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. And this is true even if both cases are founded on the same facts but the crimes charged were not the same in law. Smith v. State, 256 Ala. 444, 55 So.2d 208; Rutherford v. State, 49 Ala.App. 246, 270 So.2d 678, cert. denied, 289 Ala. 751, 270 So.2d 679 ....
Racine, 291 Ala. at 687, 286 So.2d at 898.
There is a stark contrast between our court's resolution of this problem in the area of criminal law and our resolution made in the area of civil law. There simply can be no splitting of a civil cause of action. The doctrine of res judicata (the civil correspondent of double jeopardy) attaches. Code 1975, § 6-5-440 states:
No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.
See, also, Terrell v. City of Bessemer, 406 So.2d 337 (Ala.1981); Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963). Should not the criminal defendant who stands in jeopardy of losing life, liberty, and property be accorded rights substantially similar to those accorded the civil defendant? It is my belief that the legislature intended to give the criminal defendant corresponding relief when it enacted *199 Code 1975, § 15-3-8. This would not prevent the state from prosecuting a defendant for as many truly separate crimes as may arise out of the same transaction, but committed in separate acts. But to continually prosecute an individual for the same criminal act under varying theories of criminality is abhorrent to our sense of fair play and due process.
JONES, J., concurs.