This case involves denial of a criminal defendant's pleas of former jeopardy. We granted certiorari to review the judgment of the Court of Criminal Appeals, which affirmed petitioner's conviction, without writing an opinion. 447 So.2d 873. Sales petitioned for rehearing, and pursuant to Rule 39 (k), Ala.R.App.P., requested that the court set out certain facts. We have considered these facts in arriving at our decision in this case.[1]
On August 11, 1982, Charles Sales was arraigned in the Circuit Court of Morgan County and charged with second degree *Page 1253 
theft, Code 1975, § 13A-8-4, arising from his asportation of meat from a grocery store. Sales, who is indigent, was represented by counsel appointed the day of arraignment, with whom he had only a brief conversation. He entered a not guilty plea.
Trial was held before a jury on February 24, 1983, during which testimony was elicited that Sales had previously pleaded guilty to, and been convicted of, menacing, third degree criminal mischief, and third degree criminal trespass, Code 1975, §§ 13A-6-23, 13A-7-23, 13A-7-4, which convictions Sales claims arose out of the same occurrence[2] as the charged second degree theft.
Defense counsel at trial raised the former jeopardy question and thereafter filed *Page 1254 
three pleas in which he claimed the defendant was twice put in jeopardy. He claimed that he had been unaware of his client's prior convictions at the time of the arraignment. The trial court denied the pleas, holding that "the plea of autrefois convict or former jeopardy is waived unless it is pleaded at or before the plea of not guilty is entered."[3] The court also denied Sales's motion for judgment of acquittal. The jury returned a verdict of guilty, and Sales was sentenced, as a habitual felony offender, to fifteen years in prison.
Sales appealed to the Court of Criminal Appeals, which affirmed without opinion, and, as we have already stated, he then petitioned for rehearing and, pursuant to Rule 39 (k), Ala.R.App.P., requested that court to set out certain facts. His petition for rehearing was denied, 453 So.2d 10, and he petitioned here for certiorari, which we granted.
The dispositive issue before this Court is whether the trial court erred to reversal in failing to consider Sales's pleas of former jeopardy. We find that the trial court erred in its reasoning. Therefore, we reverse and remand.
Sales, in his brief, concedes that the general rule, which was relied upon by the trial judge, is that a plea of autrefois convict, or prior conviction, is untimely when it is filed after a plea of not guilty has been entered. Williams v. State,348 So.2d 1113 (Ala.Cr.App.), cert. denied, 348 So.2d 1116
(Ala. 1977); see also Richmond v. State, 437 So.2d 612
(Ala.Cr.App. 1983). Nevertheless, Sales contends that the general rules should not apply here, and he relies upon Baldwinv. State, 47 Ala. App. 136, 251 So.2d 633 (1971), which, he asserts, is dispositive of the issue.
In Baldwin, supra, as in the present case, the defendant was an indigent, who was represented by counsel appointed shortly before arraignment. After a brief conversation with his client, during which the defendant denied all guilt, counsel entered a plea of not guilty on his client's behalf. Later that day, he learned of the defendant's prior conviction arising from the same transaction and immediately filed a plea of former jeopardy. The trial court, after allowing the plea to be entered, struck it ex mero motu, and proceeded with trial, which resulted in a conviction. The Court of Criminal Appeals noted that it has long been recognized that pleas in abatement and special pleas, such as a plea of former jeopardy, must be filed either before, or simultaneously with, a plea of not guilty, but added:
 "In this case appellant was indigent and counsel was appointed to represent him on the day of arraignment. After a brief conversation with his client a plea of not guilty was entered. That same day after counsel became aware of the former conviction, pleas raising that issue were filed. These pleas were meritorious on their face and raised both state and federal constitutional rights which if proven would end the prosecution.
 "Under these circumstances, the appellant should have had the opportunity to have been heard on his pleas of former jeopardy. The judgment appealed from is, therefore, due to be reversed and the cause remanded."
47 Ala. App. 141-42, 251 So.2d 638.
The state would have us distinguish Baldwin from the present case because, unlike Baldwin, in which the plea was filed the day of arraignment, the present plea was not filed until six months after the guilty plea was entered. We do not consider this a basis for distinction. Here, just as in Baldwin, defense counsel was unaware that Sales had a previous conviction which would give rise to a plea of former jeopardy, and, just as inBaldwin, immediately upon learning of the prior conviction, he entered his pleas. We do not believe, as a general principle of law, that defense counsel, and more importantly, his client, should be penalized merely because this information came six months after, rather than on the day of, arraignment. *Page 1255 
The state argues that the record does not support the inference that the three previous convictions may have arisen out of the same transaction as the theft. Even though there is some evidence that each offense occurred at the time of the theft, we are persuaded that the state may be correct in arguing that, because the prior convictions and the theft were not identical offenses, and none of the prior convictions was for a lesser offense included in the theft, Sales's pleas of former jeopardy were without merit and were due to be denied. Nevertheless, we cannot hold, as a matter of law, that Sales's pleas of former jeopardy did not have merit; therefore, we remand the cause to the Court of Criminal Appeals with directions to that court to consider the facts set forth by Sales and determine whether the principles of former jeopardy are applicable.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
[1] The following facts were submitted pursuant to Rule 39 (k), Ala.R.App.P.:
 "On July 25, 1983, Henry Patterson, the manager of the Kroger store in Hartselle, Alabama, was at the store at approximately 7:30 P.M. and saw the Appellant enter the store. Mr. Patterson stated that when he saw the Appellant enter the store that he was not carrying anything in his hands. He testified that he next saw the Appellant near the deli part of the store and that he was carrying a paper sack with the name Hyde Park on it. Mr. Patterson stated that the name Hyde Park is a trade name for Piggly Wiggly grocery stores. The witness further testified that when the Appellant saw him watching the Appellant that the Appellant went to a cashier and picked up and paid for a National Enquirer magazine and when he started toward the Appellant he asked the Appellant what was in the bag, whereupon the Appellant stated `oh, no, You ain't taking me in.' Mr. Patterson stated that there was a struggle with the Appellant and that he did some damage to one of the doors when he tried to run from the store but that he and another employee apprehended the Appellant. He stated that the Appellant had two (2) porterhouse steaks stuck in his pants and that there were two (2) t-bone steaks and seven (7) sirloin steaks in the sack that the Appellant dropped on the floor as he began to run. The State marked a photograph that the witness identified as being a photograph of the steaks that were in the sack and in the Appellant's pants.
 "The State, over the objection of the Appellant asked the witness the total amount of the steaks that were in the sack and on the Appellant's person and the witness answered $68.85. Patterson testified on cross examination that he paid the Kroger store $40.00 for the steaks after they had been frozen for some time.
 "On re-cross examination by the Appellant the witness testified that he had a warrant sworn for the Appellant and that Appellant had plead guilty to some charges in the City of Hartselle Municipal Court. The Appellant's attorney called the Appellant who testified that he was in fact convicted of some offenses in Hartselle that arose out of the same transaction as this case.
 "The Appellant filed three (3) pleas of autrefois convict and the Court overruled each stating that they were not providently filed because the Defendant had knowledge of the prior convictions and that the Appellant had entered a plea of not guilty before the pleas were filed. Appellant's attorney stated that the Appellant's plea of not guilty was entered on the day of arraignment, the same day that he was appointed to represent the Appellant, and that he was called on to plead after only having a short time to confer with the Appellant.
 "The State called one other witness, Tim Shelton, who testified that he was an employee of Kroger Company and was working on the night in question. He testified that he saw the Appellant and that he was there when Mr. Patterson apprehended the Appellant and that he helped Mr. Patterson stop the Appellant from leaving the store. He further stated that he saw what was in the bag that the Appellant had been carrying and stated that the bag contained several packages of meat.
 "The State rested its case and Appellant made a motion for judgment of acquittal which was overruled by the Court."
 "The Appellant rested without putting on any evidence and the case was submitted to the jury who found the Appellant guilty as charged in the indictment. After a sentencing hearing the Court determined that the Appellant was a habitual offender and sentenced him to fifteen (15) years. The Appellant then gave notice of appeal."
[2] "§ 13A-6-23. Menacing.
 "(a) A person commits the crime of menacing if, by physical action, he intentionally places or attempts to place another person in fear of imminent serious physical injury.
 "(b) Menacing is a Class B misdemeanor." "§ 13A-7-23. Criminal mischief in the third degree.
 "(a) A person commits the crime of criminal mischief in the third degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount not exceeding $250.00.
 "(b) Criminal mischief in the third degree is a Class B misdemeanor."
"§ 13-A-7-4. Criminal trespass in the third degree.
 "(a) A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.
 "(b) Criminal trespass in the third degree is a violation."
[3] Temporary Rule 16.3, Alabama Rules of Criminal Procedure, also requires that the defense of former jeopardy be raised at or before arraignment.