I agree that Howard's conviction for robbery must be reversed for the reasons stated in the main opinion. That conviction also violates Ala. Code 1975, § 15-3-8,[1] which reads:
 "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
Howard's conviction for receiving stolen property was a result of his being placed in jeopardy for an offense involving his coming into possession of the automobile. Robbery and receiving stolen property are not the "same offense" under theBlockburger "same elements" test (on the contrary, they are mutually exclusive offenses). Nevertheless, they involve "[an] act or omission declared criminal and punishable in different ways by different provisions of law," namely, the act of obtaining the automobile.
Receiving stolen property is included among the general theft offenses of Chapter 8 of Title 13A. "Theft of property" occurs when a person "[k]nowingly obtains or exerts unauthorized control over the property of another, with intent to deprive the owner of his property," § 13A-8-2(1). "A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen . . .," § 13A-8-16. Because receiving stolen property is included with the "theft" offenses in the Criminal Code, it could be said that the phrase "receives, retains, or disposes of" is included within the general phrase "obtains or exerts unauthorized control over," and that, therefore, an act of receiving stolen property will always, for purposes of §15-3-8, be the same act of "theft" that could be prosecuted under one of the other theft-crime statutes.
Under § 15-3-8, "a conviction or acquittal under any one [provision] shall bar a prosecution for the same act oromission under any other provision," and, here, "the same act" is Howard's act of obtaining or receiving the car. Although the definition of "theft" uses the phrase "obtains or exerts unauthorized control over [the property in question]," and the definition of "receiving stolen property" uses the phrase "receives, retains or disposes of [the property in question]," the two phrases must be deemed to refer equally to the act of coming into possession of the property. Thus, for purposes of §15-3-8, Howard's act of coming into possession of the automobile is an "act . . . declared criminal and punishable in different ways by different provisions of law."
The plain terms of § 15-3-8 prohibit double punishment or successive prosecutions for "[a]ny act or omission." This Code section provides protections for accused persons over and above those provided by the double jeopardy clauses of Article I, § 9, of the Alabama Constitution of 1901 and Amendment 5 to the United States Constitution, as applied to the States through Amendment 14. Baldwin v. State, 47 Ala. App. 136, 251 So.2d 633
(Ala.Crim.App. 1971). As to Howard's convictions, I would hold that § 15-3-8 precluded prosecuting him for "obtaining" the automobile, §§ 13A-8-2(1) and 13A-8-41, after he had been convicted of "receiving" it, *Page 467 
§ 13A-8-16. However he came into possession of the automobile, he did so by a single act, for which he may not be subjected to successive prosecutions.
[1] This statutory provision, in the same language, appeared in the 1923 Code as § 5204 and in the 1940 Code as T. 15, § 287.